## BALDWIN *vs.* FARNSWORTH *& al.*

Where one by contract was to have delivered to another, an article of machinery at an agreed *time* and *place*, but delivered it at *another* time and place, the contractee receiving it without objection, the latter must be considered as thereby waiving the right to exact strict performance.

A note signed by two, jointly and severally, and made payable at their *dwelling-houses*, in the town of D. was presented to *both*, at the *barn-yard* of *one* of them, and no objection was made by either as to the *place* where payment was thus demanded. *Held,* that the demand was sufficient.

ASSUMPSIT on the following note or contract in writing.

" *Dennysville, Sept.* 11, 1830.

" For value received of *William Baldwin,* we, the subscribers,
" jointly and severally promise to pay him or order forty-four
" dollars in one year from date and interest, payment to be de-
" manded at their dwellinghouses in *Dennysville.*

" The conditions of this note are these, that if the said
" *Baldwin* shall within the space of four weeks from date, deliv-
" er, or cause to be delivered at the store of *Samuel E. Crocker*
" in *Portland,* one complete and warranted fancy spinner,
" agreeable to the late patent granted to *John R.* and *Joseph*
" *B. Wheeler* of the State of *New-York,* then this note to be
" good, otherwise, void and of no effect.

" *Jonas Farnsworth,*
" *Theodore Wilder, Jr.*"

Plea, the general issue. The plaintiff, in maintenance of the action, proved by one *William Woodworth,* that at the request of the plaintiff, sometime in the fall of 1831, he went with said note to the defendants for the purpose of demanding payment — that he found them in *Farnsworth's* barn-yard, and there requested payment of the note — that they declined paying it, but made no objection to the *place* or manner of the demand.

The plaintiff also proved by one *Foss,* that in the fall or winter of 1830, *Farnsworth,* one of the defendants, told him that he had a spinning machine in his possession which *Baldwin* had sent to him, and that it worked well.

The defendants' counsel contended, that the evidence relied upon to prove a demand, was insufficient for that purpose. That, by the terms of the contract a demand upon each of them, at their several dwellinghouses in *Dennysville,* was indispensable. They also contended further, that it was incumbent on the plaintiff to prove, that the machine referred to in the contract, was delivered at *Crocker's* in *Portland, within the time* therein prescribed, accompanied with a *warranty* that the machine was a complete one, and in conformity with the patent to *John* and *Joseph Wheeler.*

But *Whitman C. J.* who tried the cause in the Court below, instructed the jury, that the demand proved, was a sufficient compliance with the terms of the contract in that particular. That, upon the second point made by the defendants, if the jury were satisfied, that a machine answering the description of that engaged to be delivered to the defendants, had been received by them of the plaintiff, before the making of said demand, without objection on their part, on account of its not having been delivered within the time stipulated in said contract, they might be considered as having waived their right to make such objection. Whereupon the jury returned a verdict for the plaintiff. The cause came up on exceptions, filed by the counsel for the defendants, to the foregoing instructions.

*D. Williams,* for the defendants. The contract between the parties is plain and intelligible — and the plaintiff is bound to perform in all respects what is incumbent on him, before he can set up any claim under it. In ordinary cases, it is admitted that a demand on one of two joint promissors is sufficient. But here, by the express stipulation of the parties, the demand was to be made on *both* defendants and at *their houses.* The stipulation was a reasonable one. There the defendants had their money, and there could most conveniently perform their part of the contract. The demand proved was at neither of the *houses* of the defendants, and was therefore insufficient.

The machine was not delivered within the time stipulated in the contract. It is true, the case finds that the defendants received a machine, but there is no proof *when* it was received. By the contract, it should have been delivered within four weeks.

Again, the machine was not accompanied with a *warranty*, which the contract required. The price of the machine was not equal to the amount of the note. The note must have been given, at least, in part for the warranty which is here withheld by the plaintiff.

It is therefore contended that this action cannot be maintained *on the contract*, though the plaintiff may perhaps in *indebitatus assumpsit* recover *the value* of the machine.

*Otis*, for the plaintiff, maintained that the demand was sufficient, no objection having been made by the defendants as to the *place*. *Ruggles v. Patten*, 8 *Mass.* 480; 1 *Saund. Rep.* 33; 17 *Johns. Rep.* 248; 4 *Johns. Rep.* 183; 3 *Johns. Cas.* 71.

The obligations of the parties in the contract are mutual. One agrees to have the money ready to pay — the other to have the contract there at the place named. The latter is not a condition precedent. 2 *H. Blk.* 509.

It is a general rule, that when one would rescind a contract he must do it in a *reasonable* time. Here the defendants received the machine and have never offered to return it. *Brinley v. Tibbetts*, 7 *Greenl.* 70.

As to the question of warranty, that was left to the jury, who have found that the plaintiff sent such a machine as the contract required him to send.

The opinion of the Court was delivered by

WESTON J. — The jury have found, that the defendants had received before payment of the note was demanded, a spinner, answering the description therein set forth. It was not delivered at the place, or within the time, stipulated; but being accepted subsequently, the jury were properly instructed, that the defendants thereby waived their right to have exacted strict performance.

There is in the note something peculiar with regard to the place of payment, inasmuch as more than one place was appointed. It may be understood that the defendants reserved to themselves the right to pay, either at the one place or the other. But if the note was made payable at either place, it

Baldwin *v.* Farnsworth & al.

would be incumbent on the defendants to show, that they had the money ready at one of them. *Ruggles v. Patten,* 8 *Mass.* 480; *Foster v. Sharp,* 4 *Johns.* 183; *Wolcott v. Van Santvoord,* 17 *Johns.* 248. This they have not done. But something further seems to have been contemplated, than the right to pay at the places appointed. The plaintiff was to demand payment there. Payment was demanded of *Farnsworth,* personally, in his own barn-yard, which, as to him, must be considered a sufficient demand, as he made no objection, and intimated no readiness to pay in the house. Whether any thing more was necessary, in a joint and several promise, to put the defendants upon proof that the money was ready at the other dwellinghouse, may be questionable; but it appearing that a demand was made upon the other defendant also, at the same time and place, that he made no objection to the place or manner of the demand, and that he gave to the plaintiff no notice that he was prepared to pay at his own dwellinghouse, we concur in opinion with the Judge below, that the plaintiff proved a sufficient demand.

The exceptions are overruled, and there must be *judgment on the verdict.*