Baker vs. Henderson and another.

BAKER vs. HENDERSON and another.

*Contract of sale and delivery — Warranty — Waiver of delay in delivery.*

1. Plaintiff's assurances that trees sold by him to defendants were not injured by his manner of keeping them after taking them up and before packing them, *held* not to constitute a warranty, where defendants were present during the time, knew how the trees were kept, and after they were packed accepted a bill of sale, paid part of the purchase-money, and agreed in writing (which contained no reference to a warranty) to pay the remainder.

2. After such acceptance of the bill of sale, and the execution of such agreement, defendants could not allege damages from delay in packing.

APPEAL from the Circuit Court for *Dodge* County.

Action to recover the unpaid balance of the purchase price of a large quantity of fruit trees, sold by the plaintiff from his nursery in Ohio, to the defendants, in 1864. The plaintiff put in evidence the following: "Toledo, Ohio, October 25, 1864. Received of *George Baker* a bill of trees of this date, amounting to $862.27, on which we have paid thirty dollars, and agree to pay the balance as soon as the trees are delivered, by sending the money by express. [Signed by the defendants.]" It appears from the answer and evidence, that said trees were to be "delivered" by defendants to purchasers from them in this state. The nature of the defense, and the evidence in its support, will appear from the opinion. Judgment for the plaintiff; and defendants appealed.

*E. Elwell* and *E. P. Smith*, for appellants, cited *Hahn v. Doolittle*, 18 Wis. 197; *Smith v. Justice*, 13 id. 600; *Frey v. Vanderhoof*, 15 id. 397; *Congar v. Chamberlain*, 14 id. 258; *Duffee v. Mason*, 8 Cow. 25; *Morrill v. Wallace*, 9 N. H. 111; *Chapman v. Murch*, 19 Johns. 290; *Whitney v. Sutton*, 10 Wend. 411; *Foster v. Caldwell*, 18 Vt. 176.

*H. W. Lander*, for respondent, contended that there was no warranty, the facts being equally within the

knowledge of both parties. Hilliard on Sales, 261 ; Chitty on Con. 393 ; 14 Wis. 258.  2. No warranty could be shown by parol, there being a writing stating the sale, describing the property sold, price, and terms of payment. Hilliard on Sales, 264–289 ; 1 Parsons on Con. 547, 589 ; 2 id. 67, 555 ; 3 Wend. 459 ; *Harrison v. Juneau Bank*, 17 Wis. 340 ; *Filkins v. Whyland*, 24 N. Y. 338. 3. The acceptance of the trees was a waiver of any agreement as to time of delivery. Hilliard on Sales, 155, 162, 163 ; 18 Barb. 112 ; 17 Wis. 97 ; *Reed v. Randall*, 29 N. Y. 358.

Dixon, C. J.  The only questions presented on this appeal are as to the alleged warranty of the plaintiff, that the trees had suffered no harm, or were taking no harm, by reason of the exposure of their roots after they were taken from the ground, and before they were packed and delivered · by the plaintiff to the defendants for transportation ; and as to the damages claimed by the defendants because of the delay of the plaintiff in packing and delivering the trees after the defendants had bargained for them.

The only evidence of the alleged warranty was the testimony of the defendant *Henderson*.  Both he and his co-defendant, *Willard*, were present when the trees were taken from the ground, and until they were packed and delivered at the railroad depot.  *Henderson* testified that he objected to the trees being left upon the ground with nothing but straw over them, and often requested the plaintiff to go to packing, and that the plaintiff assured him that the trees were taking no harm, · laughed at the idea, and said they could be a fortnight without taking harm.  He also testified that when the trees were packed the plaintiff wanted him and *Willard* to give their note, but they refused to give it, and cited the condition of the trees, saying that they did not know that they should be able to deliver the trees, and that there had been nothing said about a note.  The plaintiff

finally drew up the agreement set forth in the bill of exceptions, and the defendants signed it, the plaintiff at the same time assuring the defendants that the trees had taken no injury whatever. This is substantially the testimony in support of the alleged warranty. Did the facts constitute a warranty? The circuit judge held that they did not, and withdrew the question from the consideration of the jury. We are of the same opinion. It is obvious that they were but mere expressions of opinion on the part of the plaintiff, not intended by him to operate as a warranty, nor so understood by the defendants. *Henderson* did not testify that he and *Willard* accepted the trees relying on the plaintiff's assurance or representation that they were uninjured. But, on the contrary, being themselves present, and knowing all about the manner in which the trees had been handled, it would seem that they were willing to accept, and did accept, them unconditionally, and only objected to giving their note for the price, on the ground, in part, and it may reasonably be assumed for the most part, that nothing had been said about a note. If the defendants had been unwilling to accept the trees without a warranty against the supposed injury, they should have so informed the plaintiff, and then, if he had assured them that they had received no injury, and they had accepted them relying on such assurance, it might have amounted to a warranty. As the case now stands, we agree entirely with the court below, that the defendants accepted the trees relying upon their own knowledge and judgment of their condition, and not upon any representations made by the plaintiff upon which they can now fall back as a warranty, and that there was no evidence to go to the jury upon the question.

The other question, as to the delay of the plaintiff to pack and deliver the trees when he had agreed to, is very much of the same character. The defendants were, no doubt, considerably vexed and disappointed in this

particular. But they waited until the trees were packed ready for delivery, and then accepted them without requiring the plaintiff to become responsible for any losses which they might sustain in consequence of the delay. They might have refused to take the trees, but, with full knowledge of all the facts, saw fit to accept them in fulfillment of the contract, and cannot now complain that they have sustained damages.

*By the Court.* — Judgment affirmed.