MINNEAPOLIS THRESHING MACHINE COMPANY v. HERMAN O.
HUTCHINS.[1]

June 8, 1896.

Nos. 10,099—(163).

**Sale—Acceptance—Effect—Waiver of Delay.**

> A vendee's acceptance of property in fulfillment of an executory contract
> of sale is a waiver of the objection that it was not delivered at the time
> agreed, unless his acceptance is qualified by a reservation of the right to
> claim damages for the delay.

Appeal by defendant from an order of the district court for Clay
county, Baxter, J., denying a motion for a new trial. Affirmed.

*W. B. Douglas*, for appellant.

*Burnham & Tillotson*, for respondent.

MITCHELL, J. On August 8, 1891, the defendant ordered from
plaintiff a threshing-machine "outfit," to be shipped for him to Fargo,
on or about August 15, agreeing to receive the machine on arrival,
and settle for the purchase price, before delivery of the property, in
cash and notes secured by mortgage on the machine, the plaintiff to
have the right to reject or cancel the order at any time before it de-
livered the goods. The plaintiff accepted the order, and so notified
the defendant. If the machine had been shipped on or about Au-
gust 15, it would have arrived at Fargo on or about August 17. As
a matter of fact, it did not arrive at Fargo until about September
12. When it arrived, defendant accepted the machine, and settled
for it by giving his notes, secured by mortgage, according to the
terms of the contract. When plaintiff brought this action to re-
cover possession of the property on the chattel mortgage, defendant
sought to prove damages, equal to the amount due on the mortgage,
alleged to have been caused by plaintiff's failure to deliver the ma-
chine at the time agreed on.

It is wholly unnecessary to consider the various questions dis-
cussed by counsel, as there is another principle of law that is en-
tirely decisive of the case. A vendee's acceptance of the property in

[1] Reported in 67 N. W. 807.

fulfillment of an executory contract of sale is a waiver of the objection that it was not delivered at the time agreed, unless his acceptance was qualified by a reservation of the right to claim damages caused by the delay, of which no evidence was offered by the defendant in this case. Bock v. Healy, 8 Daly, 156; Baldwin v. Farnsworth, 10 Me. 414; Baker v. Henderson, 24 Wis. 509. Therefore, irrespective of any other questions, the court was right in directing a verdict in favor of the plaintiff.

Order affirmed.