## PERLEY NEWTON v. SOUTHERN COLONIZATION COMPANY.[1]

February 20, 1920.

No. 21,495.

**Limitation of action — affected by conduct of parties.**

    A contract required the construction of a railroad by December 31, 1912. When that date arrived a substantial part of the work had been done, but it had not been completed. The obligor asked further indulgence and continued the work of construction. The other party acquiesced. *Held*, the conduct of the parties operated to extend the time of completion of the construction of the railroad for a reasonable time after December 31, 1912, and the statute of limitations did not begin to run upon the cause of action for breach of that provision of the contract until the expiration of such reasonable time.

[1]Reported in 176 N. W. 501.

Action in the district court for Ramsey county to recover $588.31 damages for breach of contract. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied defendant's motions for a directed verdict and for its costs and disbursements, and a jury which returned a verdict for $1,277.07. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Arthur Christofferson, Alvin B. Christofferson, Earl F. Jackson, Albin S. Pearson* and *C. J. Rockwood,* for appellant.

*C. B. Smith,* for respondent.

HALLAM, J.

Defendant is a Florida corporation. It was authorized to do business in Minnesota. It maintained an office in St. Paul. Its principal officers resided there. It owned a large tract of land in Florida. Plaintiff resided in Nebraska. In March, 1911, an agent of defendant negotiated a sale to plaintiff of 82.09 acres of the Florida land. The price was $1,764.94. An instalment of $588.31 was paid down, the balance to be paid in five instalments, on the fifteenth day of March of each year, commencing with the year 1912. An application to purchase was made out and signed by plaintiff in Nebraska, and was forwarded, through an agent at Lincoln, Nebraska, to defendant's St. Paul office. Defendant at St. Paul prepared and signed a contract of sale, in duplicate, and sent both duplicates to plaintiff for signature. Plaintiff signed them in Nebraska, kept one and returned the other to defendant. Instalments were payable at defendant's office in St. Paul.

The contract contained a stipulation that defendant would "construct and operate, or cause to be constructed and operated, on or before December 31, 1912, a line of railroad, running approximately in a northerly and southerly direction, through the body of land of which the aforesaid lands are a part; said line of railroad to be so located as to be within ten (10) miles thereof."

Construction of the railroad was promptly commenced and a very substantial amount of work done, but, when December 31, 1912, arrived, it had not been completed according to contract. On January 3, 1913, defendant wrote plaintiff a letter which contained the following: "We find

that there are many of our contract holders who desire to ascertain the progress of the railway construction on the Kissimmee Prairie and desire to know how far along work is progressing and when the railroad will be completed * * *. You may rest assured that every effort will be made to push this work to an early completion, and that nothing will be left undone by us, which can be done, to bring about its completion." Defendant continued the work of construction of the railroad, and plaintiff made his March, 1913, payment. On January 26, 1914, defendant wrote a letter to plaintiff's brother, who lived with him, and who, as subagent of defendant, procured the contract from plaintiff. This letter contained the following: "We are glad to announce to you that we have completed the arrangements for financing the construction of the railroad from Whittier to Bassenger. The contract has been let for the ties, steel and the laying of the tracks as far as section 21, township 33, range 33, which is to be completed by May 1st. * * * We appreciate very much the patience that you have shown with us in this matter, and feel that that patience will be rewarded by the early completion of the road." This letter was brought to plaintiff's attention and he made his March, 1914, payment. Defendant continued its work of construction of the railroad until 1916, when it was abandoned. In May, 1918, this action was commenced to recover damages for breach of the agreement to construct the railroad. Plaintiff recovered a verdict for $1,277.07. Defendant appeals.

The defense with which we are concerned is that of the statute of limitations. Under our statute, the limitation of time to commence such an action is six years. Under the Florida statute the limitation is five years. Defendant contends that the Florida statute is applicable, that it commenced to run December 31, 1912, and that the cause of action is therefore outlawed. In our opinion it is immaterial whether the Minnesota statute or the Florida statute applies, for, as we view the case, the cause of action was not barred under the statute of either state.

The trial court took the position that, under the contract, defendant was allowed a reasonable time after December 31, 1912, to complete the construction of the railroad. If by this the court meant that time was not of the essence of this stipulation of the contract, we should hesitate to sustain his conclusion. It does seem clear, however, that defendant is

in no position now to assert that it broke its contract on December 31, 1912. Time of performance might be waived. Defendant in effect asked that it be waived. Plaintiff acquiesced, continued his payments until he owed less of the purchase price than the amount of the damage suffered from the failure of defendant to construct the railroad. By his conduct he acceded to defendant's request for a further time for completion of its contract. We are of the opinion that under these circumstances the cause of action for breach of this provision of the contract did not accrue and the statute of limitations did not commence to run, until a reasonable time after December 31, 1912. See Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901. The following additional authorities have some indirect bearing: Fowlds v. Evans, 52 Minn. 551, 54 N. W. 743; Minneapolis Threshing Machine Co. v. Hutchins, 65 Minn. 89, 67 N. W. 807; Hawes v. Swanzey, 123 Iowa, 51, 98 N. W. 586; Opsjon v. Engebo, 72 Wash. 324, 131 Pac. 1146.

Order affirmed.