**INTERSTATE ENGINEERING CO., Inc., et al. v. DISTRICT OF COLUMBIA, to Use of ALCO PRODUCTS, Inc.**

No. 7435.

United States Court of Appeals for the District of Columbia.

Argued March 7, 1940.

Decided April 29, 1940.

Robert E. Lynch, of Washington, D. C., for appellants.

Charles Dickerman Williams, of New York City, and Richard H. Wilmer and Douglas L. Hatch, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This is an action brought in the District Court by Alco Products, Incorporated (appellee), against Interstate Engineering Company, Inc., and New Amsterdam Casualty Company, its surety (appellants), for the balance of the purchase price of steel pipe sold and delivered by Alco to Interstate for use in a public improvement in the District of Columbia, pursuant to a proposal made by Alco June 14, 1934, and confirmed September 20, 1934. The agreement provided for payment in full "not later than 200 days from date of first shipment". Shipments began November 20, 1934, and were completed in December, 1934. Interstate admitted receipt of the pipe, but sought to diminish the amount due therefor by claiming damages caused by delay in delivery. The lower court instructed the jury to find for the plaintiff in the full amount of the claim, with interest.

On this appeal, Interstate and the surety company charge error in the admission by the court in evidence of a series of letters from Alco showing demands for payment and from Interstate in acknowledgment of

the indebtedness. Also in the refusal of the court to direct a verdict in favor of Interstate, and in instructing the jury in favor of Alco.

■ The grounds of Interstate's objections to the letters do not appear in the record, but we have examined the correspondence and are of opinion that all of it was relevant and properly a part of plaintiff's case. In addition to this, the correspondence showed express admissions by Interstate relevant and proper in denial of its counterclaim.

Appellants' main argument on this appeal is that the court erred in directing a verdict for appellee "on the theory of an account stated". The basis of this argument is that the court, in directing a verdict for the plaintiff, said: " * * * the defendant accepted the bills which the plaintiff rendered for the materials shipped, and agreed to pay those bills in full, making no claim or objection to them; so that this defendant must be treated as having assented to the bills rendered, or the bills rendered have become, as we say, an account stated, not subject to objection later."

■■ Appellants insist the theory that the suit was brought on an account stated is not responsive to the pleadings. If that was the theory of the decision, undoubtedly appellants are correct, for an account stated is treated as a new contract and is not necessarily conclusive of claims not intended to be covered. Williston on Contracts (2d Ed.), §§ 1862, 1864; Stearns Company v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647; Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 40 A.L.R. 1480. But we think the court's language was not intended in a technical sense but merely as a method of conveying to the jury the idea that defendant, having received the pipe and thereafter without objection having agreed to pay for it, was presumed to have assented to the correctness of the amount due and waived the defenses which nearly two years later it attempted to set up. The use of the words—account stated—was merely a figure of speech which, in deference to the jury, the court thought they would likely understand as impelling his action in taking the case from them.

The record shows the shipments of pipe began in November, 1934, and were completed in December, 1934 (except as to an "extra", subsequently ordered). Plaintiff wrote defendant on January 10, 1935, enclosing statement of account and asking when payment might be expected. Defendant answered this communication January 16, acknowledging the correctness of the account and advising that it expected payment from the District of Columbia within 60 days. Later, on June 4, 1935, defendant wrote plaintiff:

"Just as soon as the line has been tested and payment made to us, we will forward you payment in full for this material.

"Thanking you for your co-operation in this matter, we are * * *"

Again, on June 17, 1936, defendant wrote:

"We are exceedingly pleased to herewith attach Government check #474,567, in the amount of $33,350.35, endorsed to your order to apply on our account.

"We are vigorously pressing our claim against the District and we anticipate an early conclusion thereof. The balance of the account will be paid at said time.

"In closing, permit us to say that we are very appreciative of the patience which you have displayed."

■ At no time during the eighteen months' correspondence did defendant or its surety intimate the existence of any counterclaim for damages by delay in receipt of the pipe. While the authorities are not entirely uniform as to what conduct will amount to a waiver of counterclaim for damages, Williston on Contracts, § 704, we are of opinion that the absence of any protest for a period of almost two years, coupled with two written promises in the interim to pay in full, and a substantial payment expressly stated to be "on our account", are sufficient to show a waiver as a matter of law.* Kalamazoo Ice Co. v. Gerber, 6 Cir., 4 F.2d 235; Reid v. Field, 83 Va. 26, 1 S.E. 395; White v. T. W. Little Co., 118 Wash. 582, 204 P. 186; Minneapolis Threshing-Machine Co. v. Hutchins, 65 Minn. 89, 67 N.W. 807; Roby v. Reynolds, 65 Hun 486, 20 N.Y.S. 386. Cf. Restate-

---

* The question of waiver is now controlled by D.C.Code (Supp. V), Tit. 11, § 109, which is § 49 of the Uniform Sales Act, enacted for the District of Columbia in 1937, after the transactions involved in this case. 50 Stat. 29.

ment of Contracts, § 412. On this branch of the case, we have no doubt the holding of the District Court was correct.

This leaves for consideration only the calculation of interest. Appellee admits an inaccuracy of $13 in the computation, and agrees that the court may direct a remitti- tur as to this excess. With this exception, the computation was correct under the rule in Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200. The judgment of the lower court is, therefore, affirmed, subject to the remit- titur mentioned above.

Affirmed.