COMMONWEALTH vs. HARTLEY HEYWOOD.

On the trial of an indictment for keeping a liquor nuisance, the evidence tended to show that the defendant used the place to sell beer, which some of the witnesses called strong beer, and others home-brewed beer. The judge refused a request of the defendant that a conviction would not be authorized on the evidence of selling home-brewed beer, without proof that it was intoxicating; but instructed them that they might convict on proof that the defendant used the place to sell strong beer, and that if they "were satisfied that he made sales of this beer, (called home-brewed beer,) and this beer was intoxicating," they would be warranted in convicting him. No ruling was requested as to the degree of satisfaction required of the jury. *Held*, that the defendant had no ground of exception.

Commonwealth *v.* Heywood.

On the trial of an indictment for keeping a liquor nuisance, evidence that persons went out of the house with pitchers, jugs and pails, is competent, in connection with evidence that the defendant's wife made intoxicating home-brewed beer and the defendant sold it, to prove the illegal use of the premises.

COMPLAINT for keeping a liquor nuisance. At the trial in the superior court, before *Dewey*, J., " the evidence tended to show that the defendant sold what was called by the witnesses for the Commonwealth strong beer, and by the defendant's witnesses home-brewed beer ; and there was evidence of no other sales ; and these sales were only shown by delivery. There was evidence that persons were seen going from the house with pitchers, jugs and pails. There was also evidence that the beer was made by the defendant's wife, and the witnesses testified that they saw her making it."

. The defendant requested the judge to instruct the jury " that, if they were to convict upon the evidence of selling home-brewed beer, the Commonwealth must prove that the home-brewed beer was intoxicating ; and that, before they could consider the evidence regarding persons going out of the defendant's house with pitchers, pails and jugs, the Commonwealth must show what the pitchers, pails and jugs contained, if anything."

The judge declined so to rule, but instructed the jury that a conviction of the defendant would be warranted by proof that the defendant kept the place for the purpose of making illegal sales of strong beer ; " that, for all the purposes of the complaint, if the jury were satisfied that the defendant made sales of this beer, (called home-brewed beer,) and this beer was intoxicating, then they would be warranted in convicting him ; that the fact of persons going out of the defendant's house during the time alleged, with jugs, pails and pitchers, was to be considered by them ; and if that fact, in connection with the other evidence in the case, aided them in coming to the conclusion that the defendant sold to those persons beer which was intoxicating, and that the tenement was kept for the purpose of selling it, then they would be warranted in finding the defendant guilty."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*M. J. McCafferty*, for the defendant. 1. The burden was on the Commonwealth to prove that home-brewed beer was an intoxicating liquor. The judge refused the defendant's request in terms for such a ruling, and submitted the case to the jury with instructions which authorized them to convict if they should find that the defendant sold this kind of beer and that it was intoxicating. But under this instruction the jury might be " satisfied " of its intoxicating character by a mere preponderance of evidence, without proof beyond a reasonable doubt ; or even without any proof at all.

2. The evidence about persons going out of the house with vessels was incompetent, without proof that intoxicating liquors were carried in the vessels. There was no evidence that the persons had any connection with the defendant, or who they were ; and, for all that appears, the vessels may have been empty.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. Under the instructions given them, the jury must have found that the defendant kept the place for the purpose of selling beer that was intoxicating, and did make sales of such beer therein. This was sufficient to authorize a conviction.

*Exceptions overruled.*