THOMAS J. DUNBAR *vs.* FREDERICK JOHNSON & another.

In an action upon an account stated, the defendant may plead and prove that the whole claim was founded in an illegal transaction.

CONTRACT to recover a balance due upon an account stated on June 1, 1868. The answer set up that the account consisted of items for intoxicating liquors sold here by the plaintiff to the defendants in violation of law.

At the trial in the superior court, before *Pitman,* J., without a jury, the judge, against the plaintiff's objection, admitted evidence to show upon what transactions the account arose, and found "that the plaintiff sold intoxicating liquors to the defendants in this Commonwealth, before June 1, 1868, in violation of the laws in force at the time of sale, and that the account stated, upon which this action was brought, was founded upon such sales, and was the balance due therefor."

The plaintiff contended "that the illegality which might attach to the original sales did not affect this action upon an account stated, and that the action stood upon a new consideration, to wit, the accounting together." But the judge ruled otherwise, ordered judgment for the defendants, and reported the case to this court.

*I. H. Wright,* for the plaintiff.

*J. L. Eldridge,* for the defendants.

GRAY, J. Although the accounting together is a sufficient consideration to support a count upon an account stated, the defendant is not precluded from pleading and proving that the whole claim was founded in an illegal transaction. *Thomas* v. *Hawkes,* 8 M. & W. 140. *Cocking* v. *Ward,* 1 C. B. 858, 870. *Kennedy* v. *Brown,* 13 C. B. (N. S.) 677. *Rundlett* v. *Weeber,* 3 Gray, 263. In the present case, it is found as a fact that the account stated was founded upon sales of intoxicating liquors made in this Commonwealth in violation of law, and it does not appear that the account included any lawful items. It was therefore rightly ruled that the plaintiff could not recover.

*Judgment for the defendants.*