IVORY GOODWIN *vs.* CALEB B. CLARK *et al.*

York, 1875.—March 9, 1876.

*Contract. Intoxicating liquors. Words—"dealer" defined.*

Where a plaintiff sues upon an account annexed containing items of a legal and items of an illegal character, each class of which would sustain an action by itself, but for the illegality, he cannot be debarred from recovering for such items as are legal, merely because the two classes of items are embraced in the same account and sued for in the same suit.

A single sale of all the merchandise which a person has on hand, who is going out of a business formerly carried on by him, does not constitute the seller a "dealer" within the meaning of the revenue laws of the United States which require a license for making sales.

A plaintiff cannot recover for his personal services, portions of which were rendered in an employment of selling liquors unlawfully, the contract of service being an entirety; but he is not to be prevented from recovering for his services contracted to be rendered in a lawful employment, merely because, during the term of his employment, he occasionally assisted his employer in such unlawful business gratuitously, not expecting or seeking any compensation therefor.

ON EXCEPTIONS AND MOTION.

ASSUMPSIT on account annexed, dated June 25, 1872, for $433.-89 in items which may be generalized thus : tobacco and cigars, $61.02 ; champagne itemized as cash, $10.00 ; other items of merchandise specified, $84.67 ; two months and twenty-nine days' labor, $272.50 ; interest, $5.70.

The defense was illegality of consideration, also payment for the labor.

The plaintiff testified that he held a United States license for the sale of tobacco and cigars which expired with April, 1872 ; that he carried on business under it at Biddeford where he was burned out ; that the items of merchandise charged in the account were saved from the fire ; that the item of $10 charged as cash was for champagne which was a part of his Biddeford stock ; that the item for labor was for services at the Bay View house under a contract that he should have the same as the caterer got at the Ocean house ; that the caterer there got $125 per month, but that he asked the defendants only $100 per month, for the first two months, and $75 per month for the last twenty-nine days ; that during the time he was there he gave orders for buying everything that was used in the house, saw that the cooking was properly done, did the carving, made out bills of fare, saw that the help were in their proper places and did their work satisfactorily, and that he tended the bowling alley. To the question whether he sold the liquors there, he declined to make answer, on the ground that it would tend to criminate him. He further testified that he had been paid nothing on the account.

The defendant, Moulton, testified that he hired the plaintiff to tend the bowling alley and bar, to do whatever was required about the house, to be there when he was away, to make up the lists for food, get the meals ready, etc. ; that the plaintiff sold in the bar all kinds of intoxicating liquors ; that he agreed to pay him what he could hire others for, to do the same business ; that he paid him $150 at the time he left, which was $50 per month and the same price at which he had hired a man before.

The defendants requested to have the jury instructed, "that if,

at the time of the sale of the tobacco and cigars, the plaintiff had no license from the United States as a dealer in those articles, he cannot recover." The presiding justice declined to give this instruction, but said to the jury that if Mr. Goodwin "had been a dealer and was licensed as such, and, just before his license expired, was burned out or his property principally destroyed and he had these as a relic, he might sell them, lump them out and sell them out, but not as a dealer in cigars; that he might get rid of the property on his hands without taking out a new license. If that was the state of facts as you shall find in this case, I instruct you that the license was not necessary, and he could recover for these cigars, so far as that is concerned."

The defendants requested to have the jury instructed that, "if by agreement of the parties, part of the plaintiff's services to the defendants was the illegal sale of intoxicating liquors, then the plaintiff cannot recover for any of his services." "If part of the plaintiff's labor, duties and services rendered to and performed for the defendants was the attendance upon the defendants' bar, and the illegal sale of intoxicating liquors at such bar, the plaintiff cannot recover for the services claimed in his account."

Upon this point the judge did not give the requested instructions, but told the jury this: "the plaintiff says the contract was that he was to perform the services of a caterer at the Bay View house, kept by these defendants. That, the defendants deny, and say that he was to tend bar and bowling alley. Now, if that was to be his business, to tend the bar and sell liquors contrary to law, whatever you may think of the defense set up, it is a lawful one. . . . . I instruct you that if the plaintiff was to go down there and have the chief control of that house, (as he says,) decide what should be put upon the table from day to day, and have general charge of that house, and that was the contract service which he was to render, then he would be entitled to recover the contract price, if there was any; or if no contract price, what his services were reasonably worth; and if he did sell liquor there contrary to law, as servant of these defendants, but his services were not contracted for that purpose, but for a general supervision of the whole establishment, that is no defense. On the other hand, if the

services were for the purpose of selling liquors, he cannot recover anything, however valuable his service may have been."

The defendants excepted.

*E. B. Smith,* for the defendants.

*I. T. Drew,* for the plaintiff.

PETERS, J. The suit is upon an account annexed, containing two different claims, one for personal services rendered, and the other for merchandise sold. The plaintiff charged $272 as wages for his services, and that sum with interest would just equal the amount of the verdict returned. Taking the testimony of the plaintiff to be true and discarding that of the defendant who testified, which the jury might do, and the verdict can stand. There was enough in the case to authorize the jury to find that the plaintiff did not sell liquors as any part of the business for which he was employed. But the defendants contend that the plaintiff is debarred from recovering at all, because one of the items in the account sued, charged under the head of cash, was really not cash, but was intended to represent a quantity of liquors illegally sold to them by the plaintiff. But the plaintiff is not to fail upon his claims altogether, merely because he sues in the same action for items legal and items illegal, each class of which would support a separate action of itself, (but for the illegality,) and having no other connection than that they are embraced in the same account annexed in a single suit. Nor has it in this state ever been so decided. In *Towle* v. *Blake*, 38 Maine, 528, it was held that where the objectionable items were struck out by an amendment, no objection was left. *Boyd* v. *Eaton*, 44 Maine, 51, is to the same effect. See also *Plummer* v. *Erskine*, 58 Maine, 59. Besure, the statute inhibits the maintenance of any action upon any claim or demand contracted or given for intoxicating liquors. But this action is upon several distinct and independent demands. The claims sued are not an entirety. The plaintiff can sustain his item for labor without any necessity for evidence upon any other items by him claimed. In *Badger* v. *Titcomb*, 15 Pick., 409, Wilde, J., remarks for the court : "We think it cannot be maintained, that a running account for goods sold and delivered, money loaned,

or money had and received, at different times, will constitute an entire demand, unless there is some agreement to that effect, or some usage or course of dealing, from which such an agreement or understanding may be inferred." In *Robinson* v. *Green*, 3 Metc., 159, the plaintiff, who sued for claims both legal and illegal, upon *quantum meruit*, was allowed to recover for the legal claim which was severable from the other. Other cases are to the same effect. *Rundlett* v. *Weeber*, 3 Gray, 263. *Holt* v. *O'Brien*, 15 Gray, 311. *Bligh* v. *James*, 6 Allen, 570. *Warren* v. *Chapman*, 105 Mass., 187. *Dunbar* v. *Johnson*, 108 Mass., 519. *Hall* v. *Costello*, 48 N. H., 176.

We find no error in the charge to the jury. The "business" of selling tobacco without a license, is prohibited by law. But one sale (like this) would not constitute the vender a "dealer." A plurality of sales would, under ordinary circumstances. A single sale might, if accompanied by evidence of a preparation and readiness by the vender to make other sales. In the case of *Harding* v. *Hagar*, 60 Maine, 340, and S. C., 63 Maine, 515, no question was made that the plaintiff was not "a broker;" and that case differs from this. Here goods on hand and belonging to the plaintiff were sold. There the plaintiff claimed to recover, upon the ground that he had rendered services as a broker.

The last instruction requested by the defendants was substantially given in terms adapted to the facts of the case. The proposition of the defendants is a correct one. A person cannot recover for his personal services, portions of which are rendered in an unlawful employment, the contract being an entirety. If the plaintiff contracted with the defendants for his personal services in their employment, a part of which employment was to be in selling liquors unlawfully, he can recover nothing upon such a contract or for services rendered in pursuance of it. But if his contract was to render services only in a legal employment, and he seeks to recover for no other, he is not to be debarred therefrom merely because, during the season of his employment, he occasionally assisted in the sale of liquors as a gratuitous service to his employers, and not as a part of his contracted services for which he seeks compensation. The two things are independent

of each other. The judge gave the instruction in a way to allow the jury to comprehend and appreciate this distinction, and it was his duty to do so. The request, as worded, was not of itself sufficient to cover the whole case.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.