HELEN M. BRIGGS *vs.* WILLIAM H. HERVEY & another.

Suffolk. Nov. 15, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent.

On the issue whether a contract in writing, by the terms of which the plaintiff was to pay a certain sum each month, had become operative, the plaintiff testified to facts showing that it had not, and also testified that no demand had been made upon him by the defendant for the sums to be paid monthly, until the commencement of this action, a period of eight months. *Held,* that the defendant might rebut this evidence by proof that letters containing demands had been deposited in the post-office, properly addressed to the plaintiff, with the postage prepaid.

The depositing in the post-office of a letter properly addressed, with the postage prepaid, is *prima facie* evidence that the person to whom it was addressed received it.

If a party to an action, for whom a letter properly addressed, with the postage prepaid, is deposited in the post-office, denies the receipt of the letter, it is no objection to proof of the contents of the letter that notice was not given him to produce the letter.

MORTON, J. This is an action of trespass *quare clausum.* The defendants attempted to justify under a license contained in a written agreement signed by the plaintiff, in the nature of a lease of certain articles of household furniture. The plaintiff's evidence tended to show that, on June 11, 1877, she bargained with the defendants for a carpet, sofa and four chairs selected by her, which the defendants were to deliver at her house; that she paid $31.50 and signed the agreement to take effect upon such delivery; that the defendants sent to her house a carpet, sofa and four chairs, but the sofa and chairs were not those selected by her; and that she thereupon returned them to the defendants, and offered to keep the carpet and pay the difference between its price and the $31.50 paid by her as aforesaid. She contended that the agreement never became operative. The defendants contended that the sofa and chairs delivered were the same selected by the plaintiff; that the agreement became binding upon such delivery, and had not been rescinded or waived by them.

The plaintiff testified, among other things, that "no demand had been made upon her or notice given to her for anything from June 11, 1877, until February 28, 1878, the time of the alleged trespass." This evidence was material. By the agreement, the plaintiff was to make payments of eight dollars on the 11th of each month. If the defendants made no claim, and took no steps to assert their rights under the agreement for more than eight months, this inaction, if unexplained, would naturally lead to the inference that they did not consider the agreement as binding, and would tend to support the plaintiff's claim. To meet this evidence, the defendants offered to show "that during said time they had sent letters to her, properly addressed to her at her residence in Boston, demanding payment of the rent or pay set forth in said lease contract; that said letters were sent by mail, duly stamped, with a request printed on the envelope that the letters should be returned to them, giving their proper address, if not delivered to the person to whom they were addressed; the said letters never came back to them." The court rejected this evidence.

We are of opinion that the evidence was admissible. It tended to rebut the inference, which might be drawn from their

inaction, that they acquiesced in the plaintiff's claim, and contradicted her on a material point. If it was necessary to show that the letters were received by the plaintiff, the evidence tends to prove this fact. The depositing in the post-office of a letter properly addressed, with the postage prepaid, is *prima facie* evidence that the person to whom it was addressed received it. The fact that the defendants had no additional proof that the letters were actually received by the plaintiff is immaterial. The evidence that letters were so deposited was competent, and should have been submitted to the jury to be weighed by them in connection with the other evidence in the case. They alone have the right to decide whether the inference that the letters were received, founded upon the probability that the officers of the government will do their duty, and that letters will be duly delivered, is overcome by the other evidence. *Huntley* v. *Whittier*, 105 Mass. 391, and cases cited.

The plaintiff now contends that the evidence was inadmissible, because the offer was to prove the contents of written papers not produced, and for the neglect to produce which no legal excuse is shown. The rejection by the Superior Court does not appear to have been upon this ground, and we do not think it is tenable. The defendants had no control over the letters; it was not in their power to produce them; the plaintiff had testified that she never received them; and clearly a notice to her to produce them would be attended with no result, and would be a mere idle ceremony which the law did not require of the defendants.

*Exceptions sustained.*

*J. B. Richardson*, for the defendants.

*H. E. Swasey*, (*Horace W. Fuller* with him,) for the plaintiff.