.Joseph C. McKay *vs.* David Myers & another.

Suffolk. March 11, 1897. — May 19, 1897.

Present: Field, C. J., Allen, Knowlton, Lathrop, & Barker, JJ.

*Contract — Evidence — Action — Accord and Satisfaction.*

In an action to recover the proceeds of sales of goods, the plaintiff testified that he wrote a letter to the defendant and took a press copy of it himself, and also testified to a general course of business in conducting his correspondence which tended to show that he deposited the letter in the post office properly directed to the defendant; and, on cross-examination, he testified that he would not say, as a matter of memory, that he deposited this particular letter, but that he remembered writing and copying it, and that he did it in the general course of his business and in accordance with his usual custom, in pursuance of which he would naturally deposit the letter in the post office, properly directed and post-

paid, soon after writing it. The defendant failed to produce the original letter upon notice; but a subsequent letter from the defendant to the plaintiff, put in evidence, contained indications that a letter referred to in it was the letter in question. *Held,* that the press copy of the letter was rightly admitted in evidence.

At the trial of an action to recover the proceeds of sales of leather, a letter from the plaintiff to the defendant, put in evidence, stated that A. was under a contract to tan a large number of hides for the plaintiff, and to tan exclusively for him until the contract should be completed, and that the plaintiff owned the bark used in the business; and the plaintiff proposed in the letter to furnish information in regard to their relations, should there be occasion to do so. There was evidence that the plaintiff furnished A. money to pay the other expenses of conducting the business; that subsequently the defendant wrote to the plaintiff, proposing, with A.'s consent, to furnish a large number of hides to be tanned by A. on commission, the proceeds of the sale of the leather to be sent to the plaintiff; and that the plaintiff replied, assenting to the arrangement, and repeating in his letter the provision that the proceeds were to be sent to him. *Held,* that the evidence was sufficient to warrant the finding of a contract between the plaintiff and the defendant; and that the signing of an order by A., at the defendant's request, to pay the plaintiff the proceeds of sales of leather due from the defendant to A. did not deprive the plaintiff of his rights.

The acceptance of a check, enclosed in a letter which refers to the amount as the balance due on the account between the parties, is not a bar to an action upon the account if the plaintiff ascertains from a subsequent statement sent to him at his request that the defendant has credited himself in the account with items which could not be allowed to diminish the amount due the plaintiff, nor does a silence of eighteen months after receiving the account preclude him from recovery; and there is no accord and satisfaction, if there was no controversy between the parties when the check was accepted by the plaintiff, and no compromise, or knowledge on his part that there was anything to be compromised.

CONTRACT, upon an account annexed, to recover the proceeds of sales of leather. Writ dated April 11, 1895. Trial in the Superior Court, without a jury, before *Sheldon,* J., who found for the plaintiff; and the defendants alleged exceptions. The facts sufficiently appear in the opinion.

*A. Hemenway & J. F. Simmons,* for the defendants.

*B. L. M. Tower,* (*E. O. Hiler* with him,) for the plaintiff.

KNOWLTON, J. We may first consider the question whether the press copy of the plaintiff's letter of January 27, 1892, was rightly admitted in evidence, the defendants having failed to produce the original upon notice. The plaintiff testified that he wrote the letter and took the press copy himself, and also testified to a general course of business in conducting his correspondence which tended to show that he deposited this letter in the post office properly directed to the defendants. In cross-examination he testified that he would not say, as a matter of memory,

that he deposited this particular letter, but, as we understand his testimony, he meant to state, not only that he remembered writing and copying the letter, but remembered that he did it in the general course of his business and in accordance with his usual custom, in pursuance of which he would naturally deposit the letter in the post office, properly directed and post-paid, soon after writing it. The defendants' letter of October 10, 1892, to the plaintiff, contains indications that the letter referred to in it is that of January 27, 1892, rather than that of January 24, although these are by no means conclusive. Of course, if the letter was properly mailed to the defendants, there was *prima facie* evidence that they received it. *Huntley* v. *Whittier*, 105 Mass. 391. *Briggs* v. *Hervey*, 130 Mass. 186. We are of opinion that there was evidence to warrant the admission of the letter.

The next question is whether there was evidence of a contractual relation between the plaintiff and the defendants in regard to the proceeds of the leather. Upon this point we may assume that the defendants had the information of the plaintiff's connection with the tanning business conducted by Williams, disclosed in his letter of January 27, 1892, in which it was stated that Williams was under a contract to tan a large number of hides for the plaintiff, and to tan exclusively for him until the contract should be completed, and that the plaintiff owned the bark used in the business. The plaintiff proposed in the letter to furnish further information in regard to their relations, should there be occasion to do so. There was evidence that he furnished Williams money to pay the other expenses of conducting the business. Under these circumstances the defendants, on October 10, 1892, wrote to the plaintiff, proposing, with Williams's consent, to furnish five thousand hides to be tanned by Williams on commission, the proceeds of the sale of the leather to be sent to the plaintiff. To this letter the plaintiff made reply assenting to the arrangement, repeating in his letter the provision that the proceeds were to be sent to him. The relations of the plaintiff to the business conducted by Williams furnished an ample consideration for such a contract between him and the defendants. These letters, in connection with other evidence, are sufficient to warrant the finding of a contract between them.

There is nothing in the case necessarily inconsistent with this

finding. The signing of the order at the request of the defendants did not deprive the plaintiff of his rights. It may have been requested by the defendants as a precaution against possible claims by Williams.*

The defendants contend that the plaintiff's acceptance of the defendants' check for $355.06, enclosed in a letter dated September 23, 1893, which referred to the amount as the balance due on the account, is a bar to his recovery. At the time when the plaintiff accepted it, he had no reason to believe that the statement contained in the letter was not true. He had received no statement of the particulars of the account, and they were not within his knowledge. The subsequent statement, which was sent to him by letter, at his request, three weeks afterwards, showed that the defendants had credited themselves in the account with items for money paid Williams which could not be allowed to diminish the amount due the plaintiff. There was no accord and satisfaction. There was no controversy between the parties when the check was accepted by the plaintiff, and no compromise, or knowledge on the part of the plaintiff that there was anything to be compromised. If the check had been accepted as a settlement and compromise of a matter in dispute, the settlement would have been binding as an accord and satisfaction. *Riggs* v. *Hawley*, 116 Mass. 596. The account subsequently sent by the defendants to the plaintiff, and the plaintiff's long silence in regard to it, did not preclude him from recovering the amount shown to have been credited to the defendants without authority. *Harriman* v. *Harriman*, 12 Gray, 341. *Dunbar* v. *Johnson*, 108 Mass. 519. *Grinnell* v. *Spink*, 128 Mass. 25. *Wiggins* v. *Burkham*, 10 Wall. 129.

*Exceptions overruled.*

---

* The order, which was addressed to the defendants and signed by Williams, was as follows: "Please pay to McKay & Co., of Boston, Mass., or order, amount of proceeds of sales of leather made from hides furnished by your firm to me since October 10th, 1892, after having deducted your charges against same."