PRUDENTIAL TRUST COMPANY *vs.* JOHN F. HAYES.

Worcester.    September 25, 1923. — January 3, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Notice of dishonor. *Evidence,* Of notice by mailing, Presumptions and burden of proof. *Letter.*

At the trial of an action by a holder in due course against an indorser of a promissory note payable to a corporation, an issue was, whether a certain letter of notice from the plaintiff, a trust company, was mailed to the defendant. The defendant denied receipt of the letter and the plaintiff offered in evidence a copy of the letter together with testimony by its treasurer to the effect that he dictated the letter and told a clerk in the office of the company to mail it; that he did not know whether the letter had been mailed; that he said he signed the letter because it was his invariable practice to sign letters but that he had no other reason for saying that he signed it; that he did not actually recall giving to the mailing clerk that letter or certain other letters which were directed to the defendant. The defendant admitted the receipt of the other letters, which were written by the plaintiff's treasurer at about the same time as the letter of notice. The defendant was a director of the plaintiff and also of the payee of the note. It appearing that due notice had been served on the defendant to produce all correspondence in relation to the subject matter and, the letter in question not being produced, the judge admitted a copy of it in evidence. *Held,* that

(1) A finding was warranted that the letter in question was given to a " mailing clerk " to mail;

(2) No reversible error was shown.

CONTRACT upon a promissory note for $2,500, made by Alden Lumber Company payable to Lenox Motor Car Company and indorsed by the defendant. Writ dated October 30, 1920.

In the Superior Court, the action was tried before *Burns,* J. One William P. Bailey testified to some conversations with the defendant on the telephone when he, the witness, was treasurer of the plaintiff, wherein he told the defendant that the maker had failed to pay the note and the defendant

requested time and promised that some one would pay the note; that he never talked with the defendant about any waiver, protest, demand or notice until three years after the maturity of the note, when in a conversation with him the defendant stated that his attorneys suggested that the words, " Waiving demand, notice and protest," had been placed upon the note after the defendant had indorsed it. This witness " further testified that after maturity of the renewal note he dictated a letter to the defendant; that he told a clerk in the office of the trust company to mail it but that he did not know if the letter had been mailed; that he says he signed the letter because it was his invariable practice to sign them (letters) but that he had no other reason for saying he signed it; that he did not know if the letter was received; that he had a conversation with the defendant subsequent to the date of the letter but that he does not recall making any reference to the letter; that the clerks could sign his name to letters which he dictated but that he knows of no such instances; that he has never given any one authority to sign letters for him; that he has dictated letters and gone out of his office without signing them; that he does not actually recall giving this letter, or any of the letters subsequently referred to in evidence, to the mailing clerk." The defendant had been duly notified to produce all correspondence in relation to the subject matter of the action. After the testimony above described, the defendant not producing the original letter therein referred to nor three other designated letters bearing on the subject matter of the action, copies of all four letters were admitted in evidence subject to exceptions by the defendant. At the argument of the exceptions in this court, it was agreed by the parties that the testimony above described " shall be considered as applying to the four letters, copies of which were introduced in evidence, and the exceptions to which rulings admitting the same are now being presented to the Supreme Judicial Court. This is being done to clear up any possible ambiguity that may exist as to the application of Mr. Bailey's testimony."

Other material evidence and exceptions by the defendant

are described in the opinion. The jury found for the plaintiff in the sum of $3,186.25. The defendant alleged exceptions.

The case was argued at the bar in September, 1923, before *Rugg*, C.J., *Braley*, *DeCourcy*, *Pierce*, & *Jenney*, JJ., and afterwards was submitted on briefs to all the then Justices.

*J. F. McGrath* & *J. J. MacCarthy*, for the defendant, submitted a brief.

*C. B. Rugg*, (*A. W. Blackmer* with him,) for the plaintiff.

DeCourcy, J. The note in suit was for $2,500, dated August 26, 1918, payable to the Lenox Motor Car Company, and discounted for said company by the plaintiff. At that time the name of the defendant appeared on the note as an indorser. There was evidence from which the jury could find that the words " Waiving demand notice and protest " were then above his indorsement; although in his written statement he denied it. The note was not protested for nonpayment. A verdict was returned for the plaintiff.

The only exceptions taken by the defendant were to the admission in evidence of four letters with reference to the unpaid note, purporting to be written by the plaintiff's former treasurer, William P. Bailey, to the defendant. In substance Bailey testified (as to each letter) that he dictated it; that he signed it in accordance with his invariable practice; and that while he did not know if it was actually mailed he gave it to a clerk to mail, — she being the " mailing clerk," as we interpret his testimony. So far as disclosed by the evidence for the plaintiff these were the only letters sent. At the trial the defendant was duly notified to produce all correspondence in relation to the note. In his written statement he admitted the receipt of two letters from the plaintiff; but said they were merely requests to call at the bank. Hayes was a director of the trust company, and also of the Lenox Motor Car Company.

Apparently it was not questioned at the trial that the letters were properly addressed, as indicated on the alleged copies. Indeed that might well be inferred from other facts, such as that the trust company was writing to one of its directors, and that he admittedly received some letters sent by

it. The doubtful issue is whether a sufficient mailing was shown to constitute *prima facie* evidence that the letters were received by the addressee in the ordinary course of the mails. *Briggs* v. *Hervey,* 130 Mass. 186. *Eveland* v. *Lawson,* 240 Mass. 99. A presumption of the receipt of a letter arises when it is deposited in the mails. The deposit need not be at the post office. The same legal effect would follow if the letter were placed in a postoffice box on the street, *Johnson* v. *Brown,* 154 Mass. 105, or in the mail chute in an office building. *Tobin* v. *Taintor,* 229 Mass. 174. In the present case the fact of mailing was sought to be proved by inference from certain other facts; especially that the mailing clerk was told to mail it. If there had been the further testimony by that clerk that it was her duty and custom to mail all such letters, even though she had no recollection of this particular one, undoubtedly an inference could be drawn by the jury that the letter had been mailed. In *Dana* v. *Kemble,* 19 Pick. 112, the letter was left at the bar of the Tremont House. The barkeeper testified that it was the invariable usage of the house to deposit all letters so left in an urn kept for that purpose; whence they were distributed to the rooms of the guests to whom they were directed, almost every fifteen minutes during the day. He further testified that he had never known any failure of such a letter to reach the addressee. The court said there was sufficient evidence of the delivery of the original letter to admit a copy. In *McKay* v. *Myers,* 168 Mass. 312, a press copy of a letter, which the plaintiff testified he wrote to the defendants, was admitted (the defendants having failed to produce the original upon notice) because the plaintiff testified to a general course of business which tended to show that he deposited the letters in the post office; although he could not say, as a matter of memory, that he deposited this particular letter. See cases collected 19 Ann. Cas. 651, note. 49 L. R. A. (N. S.) 458, note.

In order to warrant the presumption of mailing it is not enough, according to many authorities, to show that the letter was left in a customary place for mailing; the testimony of the employee actually doing the mailing, that it was his in-

variable practice to collect and deposit all such letters in the mail, is also deemed necessary. *Hetherington* v. *Kemp,* 4 Camp. 193. *Gardam & Son* v. *Batterson,* 198 N. Y. 175. *Peirson-Lathrop Grain Co.* v. *Barker,* 223 S. W. Rep. 941. See *Pierson-Lathrop Grain Co.* v. *Potter Lumber, Grain & Hardware Co.* 210 Mo. App. 387, 397. *Federal Asbestos Co.* v. *Zimmermann,* 171 Wis. 594.

The case at bar is a close one. But in large banks and business houses, it must often be practically impossible to honestly obtain more definite evidence as to mailing than the delivery of letters to the mailing clerk, whose duty it is to deposit them in the post office in the usual course of his employment. A mere statement by such clerk that he invariably posted all letters entrusted to him would probably be an inference on his part, rather than a matter of memory, and in any event would be cumulative. See Wigmore on Ev. (2d ed.) 330, 331. *Norway Plains Co.* v. *Boston & Maine Railroad,* 1 Gray, 263, 267, 268. See also *Green* v. *Crapo,* 181 Mass. 55, 63. On the facts shown in this record, including the admitted receipt by the defendant of two letters, and the proof that all letters were delivered to the clerk who in the ordinary course of the bank's business mailed them, in the opinion of a majority of the court it was not reversible error to admit the copies in evidence, after due notice had been served on the defendant to produce all correspondence in relation to the subject matter. We are not now dealing with the contents or probative value of the letters, but merely with their admissibility. They were not admitted to prove that demand and notice had been waived; and it must be assumed that their use was properly limited by the judge. *Swampscott Machine Co.* v. *Rice,* 159 Mass. 404. *Myers* v. *Moore-Kile Co.* 279 Fed. Rep. 233. *Lawrence Bank of Pittsburgh* v. *Raney & Berger Iron Co.* 77 Md. 321. *Smith* v. *Heitman Co.* 44 Tex. Civ. App. 358. *Trotter* v. *Maclean,* 13 Ch. D. 574, 580.

*Exceptions overruled.*