Carr, J.
This is an action of contract in which the plaintiff, Sylvia Landers, widow of Samuel Landers, seeks to recover upon a judgment against the defendant recovered by her late husband, the said Samuel Landers, in the Municipal Court of the City of New York, Third District, on September 6, 1932 and by him assigned to her, the said Sylvia Landers.
On December 3, 1934 the defendant filed a petition in bankruptcy in which Samuel Landers was listed as a creditor and this judgment was listed as his claim. The address used in the schedule was 211 West 61st Street, New York, *35 which was not Samuel Landers’ residence. On October 30, 1935 the defendant was discharged in bankrtupcy. The defence to this action is the bankruptcy and the issue is whether it appears that said Samuel Landers, the plaintiff’s assignor, received notice of the proceedings.
It has been held that where a claim has been reduced to judgment, it may be scheduled in the name of the record holder although the bankrupt knows that the claim has been assigned. Sellers v. Bell, 94 Fed. 801.
Ordinarily the introduction of a certified copy of the ‘ ‘ Order of Discharge ’ ’ is prima facie evidence of discharge. If the issue of notice is raised and tried and it appears that the claim was properly scheduled and that the creditor’s residential address was given, it seems (although not material to the pending decision) that a creditor denying receipt of notice must show not only that the notice was not received but that it was not sent. Claflin v. Wolff, 88 N. J. Law 308; Kreitlein v. Ferger, 238 U. S. 21; Collier Bankruptcy, 1937 ed., sec. 1096; Remington Bankruptcy, 4th ed., $ 688.
Not having used the creditor’s residential address, the defendant concedes that the burden is on him to prove that the creditor had notice or actual knowledge of the bankruptcy proceedings but insists that this burden has been sustained and the finding must be that the notice was received by the creditor for the following reasons. He asserts that the address given in the bankruptcy schedule is that of the creditor’s place of business (see defendant’s request for ruling No. 2). He contends that it must be found that the notice was mailed to the plaintiff at the scheduled address, because the bankruptcy act provides that the referee shall give notice to creditors and that there is a presumption that the referee will perform his official duties in sending notice and otherwise. Claflin v. Wolff, 88 N. J. Law 308; Kreitlein v. Ferger, 238 U. S. 21; Collier *36 Bankruptcy, 1937 ed., sec. 1096; Remington Bankruptcy, 4th ed., § 688. He further contends that if it must be assumed that the notice was properly mailed to the creditor’s address set forth in the bankruptcy schedule, then not only is a presumption raised but a prima facie case is made out that the addressee received the notice at the place to which the notice was addressed and that the prima facie case stands until evidence is introduced by which a contrary finding may be made. Hobart-Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 508; Johnston v. Cassidy, 279 Mass. 593, 597; Eveland v. Lawson, 240 Mass. 99.
It seems that the defendant has stated the law correctly.
The trouble with the defendant’s contentions is that they are based on the false premise that 211 West 61st Street, New York, was the creditor’s place of business. The only evidence on the subject came from the plaintiff, widow of Samuel Landers, and was that at the time the bankruptcy schedules were filed, 211 West 61st Street, New York City, was the address of the General Motors Corporation by which corporation her husband was employed as general manager of its truck division; that Mr. Landers traveled a great deal; that he had a residence in New Jersey and in New York City; that for about a month shortly following the filing; of the petition in bankruptcy her husband was with the plaintiff in Florida and that he died July 31, 1935 (note the date of filing the petition was December 3, 1934 and date of discharge was October 30, 1935).
This evidence shows merely that 211 West 61st Street was the address of the General Motors Corporation but does not particularize the purpose for which it was the address. It clearly does not show that it was the location of the truck division of which .the creditor was the general manager; or whether the corporation had only one division or several. At best it may show that 211 West 61st *37 Street was a place of business of the General Motors Corporation. It obviously was not the place of business of the creditor.
It has been held that a place of business is a place where business is carried on by persons under their own control and on their own account. Neither being a manager nor an assistant manager makes the place where the work is done the place of business but rather the place of carrying on the trade or calling of such persons. Little v. Cambridge, 9 Cush. 298; Hanley v. Eastern Steamship Corp., 221 Mass. 125, 132-133; Collector of Taxes of Boston v. New England Trust Co., 221 Mass. 384, 388.
It does not appear even that 61st Street was the place of employment of the creditor Landers. It seems permissible to take judicial notice that the General Motors Corporation is one of the largest producers of automobiles in the United States, doubtless carrying on its business in every state in the Union. The evidence shows only that the creditor Landers was employed by the corporation as its general manager of its truck division but there is nothing to show where the truck division was located. It might just as well have been in New Jersey or Michigan or elsewhere as in New York. It would be a pure guess that creditor Landers received his mail at 211 West 61st Street.
We come then to the defendant’s proposition that even if creditor Landers was not at 61st Street the letter would be forwarded to him. In our opinion the original presumptions of mailing and delivery have exhausted their forces with the arrival of the notice at its destination, 61st Street. To carry the notice further more evidence is needed.
In the pending case on the arrival of the notice at its destination 211 West 61st Street, if creditor Landers was not there it had to be given a new start. It would be practically in the same position as the notice before it was *38 originally mailed except that it would unquestionably have a wrong address. The bankruptcy notice is well known to be on a postal card. There is no evidence as to how many employees by the name of Samuel Landers were employed by the company: there is no evidence and no reason to believe that the postal card was addressed to Samuel Landers as general manager. Considering the flood of postal cards daily received, advertising everything from dog biscuits to mark down sales., which promptly find their way into the waste paper basket, there is reason to believe that post card mail will receive less attention than letter mail. There is no evidence as to what the General Motors Corporation did with mail received at this particular address and under such conditions. It might have a dead letter department where such mail would be filed; it might send it to some central point by messenger. It does not appear whether any one was charged with the duty to redirect and remail letters, etc. To show mailing there must be evidence somewhat to the effect that the letter was given to some person whose duty it was to mail letters, or put in some place where it is usual to put letters for mailing, with testimony of the person charged with mailing that it was his invariable custom to mail such letters. Something less than this may be sufficient taken in connection with other evidence. Prudential Trust Co. v. Hayes, 247 Mass. 311, 313-315.
On this subject there is not a scintilla of evidence.
Where a letter was sent to a person at an address from which he had removed a year and a half before and there was no evidence that the new address was known to the postal authorities or that request for forwarding to the new address had been given, it was held that further evidence was needed to show that the addressee received the letter. Marston v. Bigelow, 150 Mass. 45, 47, 50, 53.
*39 If that is so in a case where it apparently was assumed that the letter continued in possession of the postal authorities, it would seem that further evidence was much more necessary where transit had terminated at the destination of the notice.
On the evidence that shortly after the date of filing the bankruptcy schedules (December 3, 1934) Mr. Landers was in Florida with his wife for about a month, that he traveled a great deal, and that on July 31, 1935 he died, some three months before the discharge in bankruptcy, October 30, 1935; the trial judge might have doubted that during this period Mr. Landers was in good health or that he attended to business.
In our opinion there was no error in the disposition which the trial judge made of the defendant’s requests for rulings Nos. 2, 3 and 5 which were based on assumption of facts which the court was warranted in not finding. As to Nos. 4, 8 and 10, the prima facie case having failed the burden still rested on the defendant to show notice or knowledge. Not having sustained that burden it is immaterial whether the court found that it was not shown that the notice reached the plaintiff or that the notice did not reach the plaintiff.
Report dismissed.