## W. T. WEEKS v. CHARLES MEDLER.

1. PETITION IN ERROR; *Dismissal of One Petition, no Bar to Filing Another.* Where one petition in error is dismissed on the ground that the record attached thereto is illegal and insufficient, such dismissal is no bar to a subsequent action based upon a legal and sufficient record, and brought within the time allowed by law.

2. JUROR; *Incompetent, on Second Trial.* That one has formerly been a juror in the same cause, is by statute ground of principal challenge; and to bring one within this statute it is not essential that the case shall have been at such former time fully tried and verdict returned, or the jury discharged because unable to agree. It is enough if the case has been partially tried, and a portion of the testimony received and heard by the jury.

3. WRITTEN CONTRACT; *Parol Evidence; Cotemporary Parol Contract.* While parol testimony is inadmissible to change or contradict the terms of a written contract, yet a parol contract may be made between the parties cotemporaneously with the execution of the written agreement, providing it is separate and independent, and its terms in no way conflicting with or contradictory of the written stipulations. Thus, where A. sold to B. a sewing-machine at a stipulated price, and received a negotiable note in payment therefor, *held*, that it was competent for B. to prove a cotemporaneous parol agreement that A. would furnish him work for said machine at a stipulated price and within a stipulated time, and a breach of said contract by A.; and B. can set off the damages sustained by said breach against the money due on the note.

4. PROMISSORY NOTE; *Action by Owner, Without Indorsement.* One who is in fact the owner of a note negotiable by indorsement, may maintain

5—20 KAS.

an action upon it, although no indorsement thereof has been made to him; and an indorsement subsequent to the commencement of the action, made by the payee, will relate back to and ratify a prior sale of the note made by an agent of such payee.

*Error from Neosho District Court.*

MEDLER, in November 1874, commenced suit in a justice's court against *Weeks* upon the following promissory note:

"$45.00.                    ERIE, KANSAS, June 5th, 1872.

"Twelve months after date I promise to pay to the order of A. Sumner, forty-five dollars, for value received, and payable only on presentation of this note, with interest at the rate of ten per cent. per annum after maturity, payable at Erie, Kansas, subject to the conditions in the margin of this note.                    WILLIAM T. WEEKS."

On the margin of said note is the following writing, to-wit:

"*Note, and Agreement.*—It is agreed between the maker of this note and A. Sumner, that the Wheeler & Wilson sewing-machine, No. 63,416, for the use of which to the maturity thereof this note is given, is and shall remain the property of A. Sumner, and that in default of payment thereof that said machine shall be returned to said A. Sumner, his agent, or attorney."

On the back of said note there was, at the commencement of the suit, the following indorsement:

"Sept. 27th 1873: I sign this note over, without recourse.
                    "D. CARR, *Per Robinson.*"

Carr was the agent of Sumner for the selling of sewing-machines, and Robinson was a sub-agent, in the employ of Carr. *Medler* recovered judgment before the justice. *Weeks* carried the cause to the district court by petition in error, and that court reversed the judgment of the justice, and retained the cause for trial. In the district court, both parties, by leave of court, filed new pleadings. In such new pleadings, *Medler* alleged the execution and delivery of the note by *Weeks* to Sumner, set out a copy of the note, and averred that said note was indorsed as follows:

"For value received I assign this note to Charles Medler, without recourse.                    A. SUMNER."

The petition also alleged, that said note was, before the commencement of the action, sold and delivered to plaintiff. *Weeks* answered, setting up several defenses, one of which was, that *Medler* was not the owner and holder of said note when the action was commenced, and denied that at such time it contained the indorsement alleged by *Medler;* and he further alleged, that all the interest *Medler* had in the note he had acquired since the commencement of the action. As a fourth defense, *Weeks* alleged that a special contract with reference to the payment of the note was made with Sumner at the time of the execution of the note, which contract he claimed Sumner had not complied with. The nature of this defense is fully stated in the opinion, *infra.* Other facts and proceedings are also stated in the opinion. Trial at the December Term 1875. Verdict and judgment in favor of *Medler,* and *Weeks* brings the case here on error.

*L. Stillwell,* for plaintiff in error:

1. The court erred in overruling the challenge of plaintiff in error to the jurors. The record shows that nine of the jurors who tried the case served as jurors in the same case at a previous trial. I respectfully submit, that those gentlemen having been sworn as jurors, and having heard all the testimony on one side of the case, had served as "jurors in the same cause," within the meaning of § 270 of the code. The fact that they did not render a verdict, can make no difference. If the rendition of a verdict was requisite before they could be considered as having "served as jurors," then in all cases where a jury disagree, and are discharged, they can be called right into the box again, and the only way to get rid of them is by a wearisome examination of each juror as to whether or not he has " formed an opinion." When it appears that a person has once served as a juror in the same cause, whether the jury agreed or not, or whether he heard all the evidence or not, the fact that he has "served as a juror," however slight or incomplete the service may have been, absolutely disqualifies him. 15 Ohio St. 475.

2. The court erred in overruling the demurrer of plaintiff in error to the evidence of Medler. The substance of such testimony was this: that he got the note in suit of a man named Robinson, whom he entirely failed to connect with the payee, A. Sumner, in any way; and that after the suit was commenced he sent the note to A. Sumner, and it came back with what purported to be A. Sumner's indorsement on it. (4 Kas. 412; 15 Kas. 492.) The right of plaintiff below to recover depended entirely upon his being the owner of the note in suit at the time of the commencement of the action. As a general rule, it is the state of facts existing at the time of the commencement of an action, that determines the liabilities of parties thereto. 24 Mich. 232.

3. The court erred in excluding the evidence offered by plaintiff in error, to prove the matters alleged in the fourth defense of his answer. The court below held that the proposed evidence would contradict the face of the note sued on, and was therefore inadmissible. Suppose that the evidence did indirectly have that effect: does it follow, that when parties have had negotiations about a transaction which finally culminate in an agreement, and one party gives the other his note for a sum of money, that when the maker of the note is sued the evidence on the trial is simply to be confined to the note? There is probably not one case in a thousand business transactions where the note one party may give another contains the contract which gave rise to the note. Take the familiar case wherein a vendee is sued on a note and he pleads in defense a breach of warranty. The note may not, and need not, contain a word about the warranty; but does that shut out evidence of the fact that there was a verbal warranty of the thing sold, cotemporaneous with the giving of the note? And it seems to me that the law is settled, that notwithstanding the fact that there may be a written agreement between the parties, proof may always be made of a cotemporaneous parol agreement; (14 Kas. 410;) and especially so where, as in this case, the original contract was verbal, and a part only

of it was reduced to writing. (1 Greenl. Ev., § 284 a; 6 Heiskell, (Tenn.) 277; 68 N. C. 417.)

*C. F. Hutchings,* for defendant in error:

1. One petition in error having been dismissed, (18 Kas. 425,) another cannot be brought assigning the same errors. 30 Miss. 105; 20 How. 467; 11 Kas. 602.

2. The jurors had not once "served in the cause." They had found no verdict. Neither of them had formed or expressed any opinion. The only evidence introduced, before they were discharged, was the mere production and reading of the note. (38 Ind. 465.)

3. The testimony showed that Robinson had authority from Sumner. At all events, when the note with Robinson's indorsement on it was sent to Sumner, he ratified Robinson's act. Ratification is retrospective — relates back to the act ratified, and is "precisely equivalent to a previous delegation of authority." (Wharton's Agency, §§ 68, 76, 77, 83, 163; Byles on Bills, 32; 19 N. Y. 219; 43 Me. 364.) It was not necessary that the note should have been indorsed when the action was commenced. The indorsement is not *the title,* but merely the *evidence* of it. Possession of the note was *prima facie* evidence of ownership. (Pomeroy on Rem., § 140, p. 168; 50 N. Y. 158.) It was also evidence that the indorsement was made before due. The plaintiff was required to prove nothing after the production of the note. The burden of proof as to ownership, by the production of the note, was thrown upon defendant. He did not convince the jury. 16 Am. Law Reg. 498.

4. The fourth defense, so-called, is no defense. (39 Ind. 399; 45 Ind. 416; 51 Ind. 426, 443; 53 Ind. 221.) The rule, that evidence to attach conditions, or to show that a contract to pay money was really a contract to do work, cannot be introduced by parol to contradict a writing, applies with peculiar force to promissory notes. (26 Ohio St. 33; 56 Ill. 444; 1 Denio, 400; 61 Mo. 403; 38 Conn. 15; 51 Ind.

539; 12 Metc. 138.) Besides, there was no evidence that the pretended agent had any authority to make such a contract.

The opinion of the court was delivered by

BREWER, J.: This case has been here before, having been brought then upon an attempted "case-made." The case-made having been improperly signed and allowed, the petition in error was dismissed. (18 Kas. 425.) Counsel for

1. Petition in error; when dismissal no bar.

plaintiff in error had however, fortunately for his client, preserved some of the errors complained of in two bills of exceptions, which were as appears by the journal entry duly allowed, signed and ordered made a part of the record. The dismissal of one petition in error, on the ground that the record attached to it is illegal and insufficient, is no bar to a subsequent action based upon a legal and sufficient record. There has been no adjudication upon the merits, no inquiry into the alleged errors. The record has not heretofore been so presented that we could examine it.

Many matters are presented by counsel for plaintiff in error, only two of which however we shall notice. And the first is as to the competency of certain jurors. The case was called for trial on the 17th of December, a jury was impanneled, the plaintiff offered his testimony and rested, and the

2. Juror, incompetent on second trial.

defendant offered testimony to which plaintiff objected. The objection was sustained, and thereupon defendant obtained leave to amend his bill of particulars by verification. Upon this plaintiff applied for a postponement. The application was sustained, the jury discharged, and the trial postponed to the 28th of December. On the 28th, the case was again called for trial, and several of the jurors who served on the trial upon the 17th, were placed in the jury box. The defendant duly objected to them on the ground that they had served as jurors upon a former trial, but the court overruled the challenge, and they were sworn and served as jurors a second time. In this was error. It is good ground of challenge by the statute, that

one "has formerly been a juror in the same cause." (Gen. Stat., p. 680, § 270.) And to bring one within this ground of challenge, it is not essential that the case shall have been at such former time fully tried and a verdict returned, or the jury discharged because unable to agree. It is enough if the case has been partially tried, and a portion of the testimony received. The idea is, that a juror having once served will have opinions more or less strongly settled from the testimony he has heard, and of course he will have such opinions whether he has heard much or little testimony. Indeed, it would seem as though there were greater danger of injustice from a juror who has heretofore heard only one side of the case than from one who has heard both. But the statute authorizes no inquiry as to the extent of the influence already exerted, or the strength of the opinions already formed by the testimony. It is enough, that serving as a juror on a former trial, he has heard the testimony then offered. It deems it safer to disqualify all such jurors. Counsel say in the brief that nothing was given in evidence on the former trial but the note sued on, and that the jurors could not have been unduly influenced by that. The record does not disclose what testimony was offered. It simply shows that plaintiff offered his testimony, and rested. And on the second trial, as appears from the first bill of exceptions, he offered considerable testimony besides the note. But whether much or little, they heard all the plaintiff's testimony; and if that made out a *prima facie* case, and they heard nothing more, their convictions in favor of the plaintiff would naturally become more settled and fixed during the interval between the two trials, and they would scarcely enter the second inquiry entirely impartial as between the parties. *Famulener v. Anderson*, 15 Ohio St. 475.

The second matter we shall notice is, the refusal of the court to permit the defendant to offer any proof of the matters alleged in the fourth paragraph of his answer. The action was on a note given for a sewing machine. The fourth defense alleges substantially, that at the time of the purchase

of the machine, and the giving of the note, the vendor and payee agreed to furnish the defendant all the material necessary for the manufacture of quilts enough, at a stipulated price, to pay for the machine, and that payment of the notes was to be demanded only in case of a failure on the part of the defendant to manufacture the material as furnished into quilts; that the defendant agreed to do this work, and has ever since been ready and willing to do it, and has repeatedly demanded of the vendor such material, and the latter has refused to deliver it, and that such contract was in parol. Of the rules applicable to a question of this kind, that parol testimony is inadmissible to contradict or change the terms of a written contract, and that the fact of a written contract does not exclude the possibility of a valid cotemporaneous parol contract, there can be little question. The difficulty is in the application of these two rules. It is alleged that there was a cotemporaneous contract, and its terms are given. As the court rejected all evidence thereof, it must, for the purposes of the case, be taken to be the fact. Was it valid? Or perhaps more correctly, was it merged in the written agreement? That depends upon whether it was a separate and independent agreement. It may be conceded that some of the allegations in this defense are of matters conflicting with the terms of the written contract; but still we think that it is distinctly averred that there was a cotemporaneous contract for work, a contract separate and independent from the contract evidenced by the note, and in no respects contradictory and conflicting with its terms. The one is a promise to pay money; the other a contract to furnish work. The existence of either, neither conflicts with nor contradicts the other. A. contracts to sell to B. a horse, at a stipulated price. The contract is reduced to writing. At the same time A. contracts with B. to furnish him work, hauling, plowing, or otherwise, with the horse sold. The latter is in parol — yet it in no manner conflicts with or contradicts the former. Both may have been made, and both be valid. So here, the vendor sold to the

*3. Cotemporaneous written and parol contracts.*

vendee a sewing-machine, at a stipulated price. The contract therefor was reduced to writing. At the same time he made another contract, to furnish work to be done on the machine. This was in parol. But its existence in no manner limits or contradicts the former. Each might have been made without the other. They are separate and independent contracts — one a contract of sale, and the other a contract for work. By breach of the former, the vendee became subject to an action for the stipulated price. By breach of the latter, the promisor became liable for whatever damages the other party suffered from the former's failure to furnish the work; and as the note was not transferred until after due, such claim for damages could be set up as a defense in this action. We have assumed in this, that such a contract in fact existed. We of course do not know what the testimony will disclose; but having alleged such a contract, defendant was entitled to offer testimony to prove it. *Babcock v. Deford*, 14 Kas. 408. For these errors the judgment must be reversed, and the case remanded.

It may be remarked, in view of the new trial, that one who is in fact the owner of a note negotiable by indorsement 4. Action on note; may maintain an action upon it, although no in- owner. dorsement has been made to him; and that an indorsement subsequent to the commencement of the action made by the payee may relate back to and ratify a prior sale of the note by the agent of the payee. A new trial is awarded.

All the Justices concurring.