## Stull et al. v. Thompson, Appellant.

*Parol evidence to vary written instrument—Lease.*

Where rent is reserved in money in a lease, parol evidence will not be admitted to show that, immediately prior to the execution of the lease, the lessee was induced to sign the lease by a statement that part of the rent was to be taken out in boarding.

| 154 | 43 |
| 202 | ¹485 |
| 154 | 43 |
| 27 SC | 378 |

*Landlord and tenant—Untenantable premises—Covenant—Evidence.*

A lease provided that the tenant should surrender the premises in as good state and condition " as the same are now or may be put into " by the landlord. In an action for rent the tenant offered to prove that at the time the lease began and during the period of his occupation the roof was leaky, and that the house could not be used as a boarding house in consequence. *Held,* that the evidence was properly excluded.

Argued Jan. 17, 1893. Appeal, No. 171, July T., 1892, by defendant, Adelaide E. Thompson, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1890, No. 168, on verdict for plaintiffs, Eugene S. Stull et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for rent.

At the trial, plaintiffs offered in evidence a lease of the Stoddard House, Atlantic City, from June 28, 1890, to Jan. 1, 1891, "for the rent or sum of $1,000," payable in certain installments. The tenant further covenanted "to pay the said rent in the proportions and upon the conditions aforesaid, and not to assign this lease, and not to underlet said premises, or any part thereof, nor permit any person or persons to occupy the same, or any part thereof; nor use or permit any part thereof to be used for any other purpose than a boarding house; nor make or suffer to be made any alterations therein without the written consent of the said party of the first part; and also at the expiration of the said term to yield up and surrender the possession thereof, with the appurtenances, in as good state and condition as the same now are or may be put into by the said party of the first part, reasonable wear and tear thereof and accidents happening by fire or other casualties excepted."

Defendant offered to prove: " That the original verbal understanding and agreement between the plaintiffs and defendant was that the rent of the premises should be $900, that when the lease was submitted to the defendant for her signature she objected to signing it on the ground that the rent reserved was not to be $1,000, and that she was at that time, immediately prior to the execution of the document, induced to sign it by a statement that $100 would be paid by boarding the plaintiff and his wife. That she was always ready during the time she occupied the premises to comply with that understanding, and furnish the board to plaintiff and his wife." Objected to. Objection sustained and exception. [1]

Defendant also offered to prove: " That the premises were at the time when the lease began, and continued so to be during the period of occupation by the defendant, in an untenantable condition by reason of being out of repair. That the roof was in an impaired condition, and that the defendant was un-

able to retain boarders by reason of the leaky condition of the roof. That the basement of the house was out of repair, and that the business of the defendant could not be profitably carried on by reason of the accumulation of water in the basement from the leaky roof in that portion of the house." Objected to. Objection sustained and exception. [3]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1, 3) refusal of offers of evidence as above, quoting them.

*A. H. Wintersteen, Geo. Tucker Bispham* with him, for appellant, cited : On the oral stipulation as to rent: Ferguson v. Rafferty, 128 Pa. 337 ; Thomas v. Loose, 114 Pa. 35 ; Honesdale Glass Works v. Storms, 125 Pa. 268. On the untenantable condition of the premises : Hoeveler v. Fleming, 91 Pa. 322 ; Brolaskey v. Loth, 5 Phila. 81 ; Long v. Fitzsimmons, 1 W. & S. 530 ; Wolfe v. Arrott, 109 Pa. 473.

*Wm. W. Wiltbank,* for appellees, cited : On the oral stipulation : Ferguson v. Rafferty, 128 Pa. 337 ; Phillips v. Meily, 106 Pa. 536 ; Wodock v. Robinson, 1 Adv. R. 619 ; Hunter v. McHose, 100 Pa. 38 ; Jackson v. Payne, 114 Pa. 67 ; Eberle v. Bonafon's Ex'rs, 17 W. N. 335 ; Obermyer v. Nichols, 6 Bin. 159 ; Allegaret v. Smart, 2 Penny. 320 ; Fairman v. Fluck, 5 Watts, 516 ; Prescott v. Otterstatter, 79 Pa. 462. On the question of repairs : Wheeler v. Crawford, 86 Pa. 327 ; Brolaskey v. Loth, 5 Phila. 81 ; Wolfe v. Arrott, 109 Pa. 473.

PER CURIAM, January 30, 1893 :

To reverse this case would be going further than we have ever yet gone in allowing a written instrument under seal to be contradicted by parol evidence. We have gone quite far enough in that direction, especially in view of the law of evidence as it now exists which permits a party in interest to testify. The rent under this lease was reserved in money, and the offer referred to in the first specification was to show that at least a portion of the rent was to be taken out in boarding. This was a direct contradiction of the terms of the lease, and was properly excluded. The case is admittedly close under some of our decisions, but we think was properly decided.

Judgment affirmed.