[No. 5757. Decided December 22, 1905.]

## BUFFALO PITTS COMPANY, *Respondent,* v. GEORGE W. SHRINER, *Appellant.*[1]

CONTRACTS—WARRANTY—EVIDENCE—ORAL REPRESENTATIONS—CONTRADICTING WRITING. When a written order for the sale of a second-hand threshing outfit was signed and sent to the vendor, containing the express stipulations that the warranty therein did not cover second-hand machinery, and that no verbal agreements would be recognized or allowed by the vendor, the same cannot be contradicted by oral evidence of false representations by the agent of the vendor respecting the character and quality of the machinery or by the agent's oral warranty thereof, where there was no clear and satisfactory evidence that the vendee was overreached and it is admitted that he knew the contents of the writing.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered February 9, 1905, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on promissory notes and to foreclose a chattel mortgage. Affirmed.

1Reported in 82 Pac. 1016.

*Merritt & Merritt,* for appellant.

*James A. Williams* and *Denton M. Crow,* for respondent.

Root, J.—On May 7, 1903, appellant signed and delivered to an agent of respondent a written order for the purchase of a second-hand threshing machine, engine, and appurtenances. This order was in the usual form supplied by agents of the company to intending purchasers, and embodied certain printed warranties, but contained the following:

"This order is subject to the acceptance and approval of said company at its home office, and when so approved and accepted is a binding contract which no person has authority to modify or vary in any respect, or to waive any of its conditions, except in writing approved by the management at the home office. . . . This form of contract is furnished in duplicate; see that you have a copy of it and keep it for reference. This warranty does not cover second-hand machinery sold. All the conditions of this sale must appear on the within order, as no verbal agreements of whatever nature will be recognized or allowed. . . . I herewith declare that I have carefully read this order and am acquainted with its contents, which I herewith accept."

This order, which became the contract of purchase, is set forth in the pleadings. The order was forwarded to the home office of the company, where the latter accepted it, and the sale was consummated and the machinery delivered on June 3, 1903. Seven promissory notes, secured by mortgage, were given by appellant to cover deferred payment. Appellant used said threshing outfit for the season of 1903, and until about September 1, 1904. After the close of the 1903 threshing season, appellant paid two of said promissory notes. On October 22, 1904, respondent commenced this action to foreclose said mortgage and collect upon said unpaid notes. To the complaint appellant interposed an answer, admitting the contract, notes, and mortgages, and the nonpayment of the notes, but setting up an affirmative defense, alleging that

various guaranties and warranties concerning said machinery were made by respondent and had failed; and for a second affirmative defense and counterclaim, appellant alleged that respondent had warranted and guaranteed said machinery, and that he, in reliance upon said guaranty and warranty, which had failed, paid two of the notes, and demanded judgment for said amount thus paid. Respondent replied, denying the allegations of the affirmative defenses.

At the trial, respondent objected to the introduction of any evidence in support of appellant's affirmative defenses. The trial court sustained this objection. Appellant then asked permission to amend its answer by alleging that he was induced to enter into the contract of purchase, and execute the notes and mortgage, by reason of the false and fraudulent representations made orally by respondent's agent as to the construction, character, material, and quality of the machinery, and by reason of said agent having orally represented that respondent would warrant and guarantee the material, construction, quality, and performance of said machinery. The court refused to permit this amendment, for the reason that he deemed it to constitute no defense. Judgment and decree was entered as prayed for in the complaint. Appeal is taken therefrom.

The rulings of the trial court as to the affirmative defenses and the requested amendments are the only questions presented for our consideration. We think these rulings were right. It is a general rule of law that statements made during the negotiations which culminate in a written instrument cannot be admitted to contradict or defeat such instrument. An exception, or apparent exception, to the rule arises in those cases where, by fraud, misrepresentation, undue influence, or overreaching, a party is induced to sign or execute a written instrument. But the evidence of such improper influences must be clear and satisfactory. In the case at bar, it is not contended that appellant did not know what was in the instrument he signed. Upon the oral argument his

counsel, in answer to a question, stated that there was no such contention. He therefore knew that the written contract contradicted what he alleges the agent told and represented to him. The written order or application stated plainl*r* that the warranty therein did not apply to *second-hand* machinery.

· It also contained the following statement: "All the conditions of this sale must appear on the written order *as no verbal agreements of whatever nature will be recognized or allowed.*" (Italics ours.) Knowing of these statements in this order and contract, which he signed and which he states he carefully read, how can he be heard to say that the oral representations of the agent, made beforehand, induced him to sign said order and to subsequently execute the notes and mortgage in payment for the machinery? This instrument · told him the company would not be bound by anybody's representations except those contained in that identical document. He knew all this before the purchase was consummated or the notes or mortgages executed. Written instruments would be of little value if they could be overthrown upon such a showing as this. The fact that appellant used the machinery for two seasons, and paid two of the notes after fully testing it, does not tend to strengthen his cause.

The judgment and decree of the trial court is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, HADLEY, and RUDKIN, JJ., concur.

CROW, J., having been of counsel, took no part.