[No. 10807. Department Two. February 13, 1913.]

NEWTON C. GAUNTT, *Appellant*, v. CHEHALIS COUNTY, *by its Board of County Commissioners, Respondent.*[1]

CONTRACTS—CONSTRUCTION — ARCHITECT'S CONTRACT — PAROL EVIDENCE TO EXPLAIN WRITING. A contract employing an architect to prepare plans for a courthouse on a percentage basis in the event of the building going ahead at some future time, and for the payment of $1,000 in case the contract for the "building" should not be lèt, is plain and unambiguous, and the county is not liable in excess of $1,000 if a building is not erected on the plans prepared; hence parol evidence is inadmissible to explain the contract.

SAME—EVIDENCE—MATERIALITY. In such a case, evidence that the county had not abandoned its purpose to construct a courthouse is immaterial.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered March 30, 1912, upon granting a nonsuit, dismissing an action on contract. Affirmed.

*W. H. Abel, Arthur I. Moulton,* and *T. H. McKay,* for appellant.

*Wm. E. Campbell* and *J. E. Stewart,* for respondent.

MAIN, J.—This is an action on a contract, to recover money alleged to be owing, due, and unpaid. On November 13, 1906, Gauntt, the appellant, entered into a written contract with the respondent, the board of county commissioners of Chehalis county. Under this contract the appellant was to prepare plans and specifications for a courthouse building, to be erected at Montesano, Washington, and deliver them to the respondent on December 3, 1906. On or prior to this date, the plans and specifications were prepared and delivered as required by the contract. At the time of their delivery, the respondent paid to the appellant the sum of $1,000, and by resolution declared its intention of taking no

[1]Reported in 129 Pac. 888.

further immediate action relative to the erection of the building. The compensation of the appellant as specified in the contract was to be two and one-half per cent of the cost of the proposed building for the plans and specifications, and two and one-half per cent additional for supervising the erection thereof, the total cost of which was not to exceed the sum of $100,000. That portion of the contract, the construction of which is involved in this proceeding, is as follows: ·

"It is understood and agreed by both parties to this contract that should contract for building not be let, then the party of second part is to receive the sum of one thousand dollars ($1,000) only for plans and specifications, same to be applied as part payment in the event of the building going ahead at some future time."

On April 6, 1909, the respondent advertised for plans and specifications for a modern fireproof courthouse building. In response to such advertisement, and on May 3, 1909, the appellant, one Watson Vernon, and a number of other architects submitted plans and specifications. On July 6, 1909, the plans and specifications submitted by Vernon were accepted, and pursuant to these plans, a courthouse was subsequently erected, the contract therefor being let on November 5, 1909. Subsequent to the completion of the building according to the Vernon plans and specifications, and prior to the institution of this action, the appellant presented to the respondent a claim for the sum of $3,400. Of this amount $1,500 was claimed as the balance due for the plans and specifications, and $1,900 as the profits which the appellant would have made from the superintendence of the erection of the building. The claim was disallowed. Thereupon this action was begun. During the progress of the trial in the superior court, the appellant offered oral testimony to explain the terms of the contract, and also to show that the respondent at no time subsequent to November 13,

1906, had abandoned its intention of erecting the courthouse. To these offers of proof the respondent objected. The objections were sustained by the trial court. At the conclusion of the appellant's evidence, the respondent challenged the legal sufficiency of the evidence, and its challenge was sustained by the court. The action was dismissed. The cause is brought here on appeal.

The appellant assigns as error the rulings of the trial court in refusing to permit the introduction of oral testimony, (1) to explain the terms of the written contract; and (2) that the respondent had at no time since November 13, 1906, abandoned its intention to erect a courthouse building. The ultimate question to be determined upon this appeal is, What is meant by the term "the building" in the paragraph of the contract above quoted? The appellant contends that it means any courthouse building which the respondent might thereafter erect, and that oral evidence was admissible to show that this was the intention of the parties to the contract. With this we do not agree. The contract is plain and free from ambiguity, and its meaning must be determined from the language used. The term "the building," in the paragraph of the contract quoted, refers to the building to be erected under the plans and specifications prepared by the appellant. It does not refer to a building that might be erected according to plans and specifications prepared by any other architect. The contract does not obligate the respondent to erect a building according to the plans and specifications of the appellant. The obligations of the respondent under the contract were fulfilled when the appellant was paid the $1,000, unless it should subsequently erect a building according to the appellant's plans and specifications. The evidence shows that this it did not do.

The evidence offered, to show that the respondent had at no time since the execution of the contract with the appellant abandoned its intention to erect a courthouse building,

was clearly immaterial. Whether it had or had not abandoned such intention would neither enlarge nor minimize the rights of the appellant under the contract.

The judgment is affirmed.

Crow, C. J., Ellis, Morris, and Fullerton, JJ., concur.