[No. 12490.   Department One.   November 5, 1915.]

# M. FARLEY, *Respondent*, v. E. H. LETTERMAN *et al.*, *Appellants.*[1]

ACCORD AND SATISFACTION—NECESSITY OF DISPUTE. In an action for rent under a lease calling for one-third of the crop as rent, a letter written by the landlord before execution of the lease stating that the tenant may pay $1,000 as cash rent in lieu of the share, is not admissible as an accord and satisfaction, since at the time it was written there was no contract, no breach of contract, no controversy and nothing in dispute.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—INFORMAL WRITINGS. The rule excluding parol evidence to vary the terms of a written contract applies to an informal letter written by the lessor, tending to contradict the terms of a formal written lease, executed before a notary public.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING. Where a written lease was executed January 22, 1912, calling for one-third of the crop as rent, a letter by the lessor written in December, 1911, stating that the tenant may pay $1,000 as cash rent in lieu of the share, will be deemed merged in the complete instrument and is inadmissible to vary the terms of the lease, especially where there was nothing to show that the offer was accepted or that there was any meeting of the minds with regard thereto.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—ADMISSIBILITY—APPEAL—PREJUDICE. A written contract of lease, completely embodying the transaction, free from ambiguity, not attacked for fraud, calling for one-third of the crop as rent, cannot be varied by oral evidence of an agreement to accept cash rent in lieu of the share; and the admission of such evidence is manifestly prejudicial where the verdict upon such issue covers all of the causes of action and counterclaims in one general award.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered July 13, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*D. C. Dow,* for appellants.

*John W. Mathews,* for respondent.

[1]Reported in 152 Pac. 515.

HOLCOMB, J.—Respondent brought action against the appellants to recover judgment upon six separate causes of action, aggregating $1,427.68. Some of these causes of action grew out of a certain lease between the parties, and the others were alleged independent transactions between them. Appellants answered, denying most of the allegations in support of respondent's several causes of action, and, also, set up several affirmative defenses and counterclaims. On trial to the court and a jury, the jury awarded respondent (plaintiff) a verdict in one sum for $898.18. The contest is waged by appellants, first, on the admission by the court of certain evidence as to the right of respondent to pay cash rent for the year 1912 instead of grain rent, as provided in the lease, and the conclusiveness of defendants' counterclaim for $675 as a part of the proven value of one-third of the grain rent; and second, upon a recovery by respondent on his fourth cause of action for a sum of $920, or any part thereof, for alleged superintendence of appellants' farms and buildings during the period from October, 1909, to October, 1913.

The lease executed by the parties provided that the respondent should pay as rent for the four hundred and sixty acres of land leased to him a one-third part of all the grain, clear of all expense, grown upon said premises. Respondent, however, offered evidence, which was admitted by the court, by way of a letter written by appellant E. H. Letterman to respondent, to the following effect:

"Pullman, Decbr. 20th, 1911.

"Mr. M. Farley: Regarding our lease for a term of six year I had Mr. Downen make the lease on the plan of 1-3 share of crop. But as before spoken of the 1912 crop you can pay me $1,000 as cash rent or you can pay one-third share. In case the crop would not amount to $1,000 in cash 1-3 share of same will be all right. Later years if you prefer the cash rent we can come to some agreement satisfactory to both. The same con. had but not on the basis of the Hood rent.            E. H. Letterman."

The court admitted this evidence on the theory of an accord and satisfaction. This was a mistaken conception, for the reason that an accord and satisfaction cannot arise until there exists some difference or controversy between the parties thereto. *Perkins v. Headley*, 49 Mo. App. 556; *Bull v. Bull*, 43 Conn. 455; *McKay v. Myers*, 168 Mass. 312, 47 N. E. 98; *Bloomington Min. Co. v. Brooklyn Hygienic Ice Co.*, 171 N. Y. 673, 64 N. E. 1118. At the time the instrument in question was signed and delivered to the respondent, there was no contract, no breach of contract, no controversy, and nothing to dispute over, or satisfy.

The appellants contend that it would be incompetent and inadmissible for any purpose as tending to vary the terms of a written instrument, under the well-known rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. As is said by Greenleaf, Evidence (16th ed.), § 305b:

"This principle is well established and unquestioned in the law. The difficulties that arise are concerned with the scope of its application. The effect of the principle is an exclusionary one, *i. e.*, to reject from consideration, as having no legal standing and effect, data of conduct other than the sole written memorial."

"The inquiry is, for each instance anew, Was the subject of the offered agreement intended by the parties to be covered or disposed of in the written memorial? If they intended that writing to represent the net result of their negotiations on that topic, then no other matter, whether oral or written, is to be consulted for ascertaining the terms of their act. . . . It seems more accurate in practice and more correct on principle . . . to inquire, more broadly, whether the subject of the offered agreement has been intended to be wholly disposed of by the written memorial; if so, the agreement is not to be considered, whether it is consistent or inconsistent with the memorial's specific terms." Id., § 305f.

"By 'parol' in connection with the present principle is properly meant, not merely oral utterances, but also informal

writings, *i. e.*, writings (letters, memoranda, etc.) other than the single and final written memorial." Id., note to § 305g.

In the case at bar, the evidence shows that Farley had been the occupant of the premises of appellants under a previous lease by appellants to one Hood. Farley had become partner with Hood. Hood had surrendered his lease, Farley was about to take a new lease on land from appellants, and appellants had procured one Downen to prepare the lease. The lease recites a date of October 1, 1911. It was executed by the parties before Downen, a notary public, on January 22, 1912. The letter in regard to the lease prepared by Downen bears date in December, 1911, some thirty days prior to the execution of the lease; but if it referred to the lease that was afterwards executed before Downen, it apparently was merged in that complete instrument. There is nothing to show that there was any meeting of the minds of the parties as to the offer of Letterman to respondent made by the letter of December, 1911.

It may be shown by parol that, although the instrument absolute in its terms was actually delivered, such delivery was subject to a condition, agreed upon collaterally in parol, that upon a certain contingency or event it should not be binding. *Parker v. Bond*, 121 Ala. 529, 25 South. 898; *Reynolds v. Robinson*, 110 N. Y. 654, 18 N. E. 127; *Wilson v. Powers*, 131 Mass. 539; *McFarland v. Sikes*, 54 Conn. 250, 7 Atl. 408, 1 Am. St. 111; *Westman v. Krumweide*, 30 Minn. 313, 15 N. W. 255. It may also be shown that a written obligation has been discharged in accordance with the terms of a collateral oral agreement different from those of the instrument. *Buchanon v. Adams*, 49 N. J. L. 636, 10 Atl. 662, 60 Am. Rep. 666; *Howard v. Stratton*, 64 Cal. 487, 2 Pac. 263; *Johnston v. McCart*, 24 Wash. 19, 63 Pac. 1121.

In the last cited case, this court, per Mount, J., say:

"It is also urged that the contemporaneous oral agreement above referred to is one upon which no evidence could have

been received, because it contradicted the terms of the written contract. This oral agreement was not a contradiction of the terms of the written contract, and did not vary that contract except in the manner of payment, and this can be shown. It is also competent to show that the parties, either at the same time or subsequently, upon a new consideration, agreed how the payments provided for in the original contract might be made, either in money or money's worth, and this is not such a variance as is contemplated by the general rule here announced;" citing 1 Greenleaf, Evidence (15th ed.), § 303, and *Weeks v. Medler*, 20 Kan. 57. See, also, *Sutton v. Griebel*, 118 Iowa 78, 91 N. W. 825.

In *Weeks v. Medler, supra,* the supreme court of Kansas, per Brewer, J., said:

"A parol contract may be made between the parties contemporaneously, with the execution of the written agreement, providing it is separate and independent, and its terms in no way conflicting with or contradictory of the written stipulations. Thus, where A. sold to B. a sewing-machine at a stipulated price, and received a negotiable note in payment therefor, held, that it was competent for B. to prove a contemporaneous parol agreement that A. would furnish him work for said machine at a stipulated price and within a stipulated time, and a breach of said contract by A.; and B. can set off the damages sustained by said breach against the money due on the note." (Syllabus.)

In all cases where a person has fraudulently procured the execution of a writing by another, or induced him to affix his signature to an instrument which by reason of fraud fails to express the true contract of the parties, it is competent to go behind the language used therein, and the party defrauded may show any facts or circumstances, though contrary to the terms of the writing, which will prove the fraud alleged. 9 Ency. Evidence, 335; *Griffith v. Strand,* 19 Wash. 686, 54 Pac. 613.

"The 'parol evidence rule' excluding evidence of oral agreements to vary or contradict the terms of a written instrument, has been frequently applied in connection with instruments of lease, with the result of excluding evidence of oral

agreements, or statements made either before the execution of the written instrument or contemporaneously therewith. Thus . . . agreements . . . have been excluded . . . varying the amount of rent to be paid, or the mode of its payment." Tiffany, Landlord & Tenant, § 61.

See, also, *Lord v. Haufe*, 77 Ill. App. 91; *Williams v. Kent*, 67 Md. 350, 10 Atl. 228; *Merchants' State Bank of Fargo v. Ruettell*, 12 N. D. 519, 97 N. W. 853; *Pickett v. Ferguson*, 45 Ark. 177, 55 Am. Rep. 545; *Stull v. Thompson*, 154 Pa. St. 43, 25 Atl. 890.

Where contracts completely embody the transaction, are free from ambiguity, and are not attacked on the ground of fraud, this court has uniformly held to the rule that parol evidence will not be received to vary or contradict the terms of the writing. *Gordon v. Parke & Lacy Mach. Co.*, 10 Wash. 18, 38 Pac. 755; *Michels v. Rustemeyer*, 20 Wash. 597, 56 Pac. 380; *Sibson v. Hamilton & Rourke Co.*, 22 Wash. 449, 61 Pac. 162; *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873; *Windsor v. St. Paul, M. & M. R. Co.*, 37 Wash. 156, 79 Pac. 613; *Buffalo Pitts Co. v. Shriner*, 41 Wash. 146, 82 Pac. 1016; *Newell v. Lamping*, 45 Wash. 304, 88 Pac. 195; *Gauntt v. Chehalis County*, 72 Wash. 106, 129 Pac. 888; *Allen v. Farmers & Merchants Bank of Wenatchee*, 76 Wash. 51, 135 Pac. 621; *Toon v. McCaw*, 74 Wash. 335, 133 Pac. 469, L. R. A. 1915 A. 590; *Smith Sand & Gravel Co. v. Corbin*, 81 Wash. 494, 142 Pac. 1163.

In *Buffalo Pitts Co. v. Shriner, supra*, it was said:

"It is a general rule of law that statements made during the negotiations which culminate in a written instrument cannot be admitted to contradict or defeat such instrument. An exception, or apparent exception, to the rule arises in those cases where, by fraud, misrepresentation, undue influence, or overreaching, a party is induced to sign or execute a written instrument. But the evidence of such improper influences must be clear and satisfactory."

In the case at bar, respondent apparently did not intend, or attempt in any way, to rely upon fraud, misrepresenta-

tion, undue influence, or overreaching, in order to bring him-
self within the exception to the rule.    In his amended com-
plaint he alleged:

"Second, That on the 22nd day of January, 1912, by a
written lease made between the plaintiff and defendants un-
der their hands and seals and duly acknowledged, of which
said lease the hereto attached copy marked 'Exhibit A' is a
copy, the defendants leased to the plaintiff and the plaintiff
leased of the defendants certain farm lands in said lease de-
scribed from the date thereof to the first day of October,
1917."

In his reply to the answer of defendants, respondent al-
leges that he "paid the $1,000 at the instance of the defend-
ants," which there is no evidence to support other than that
of the letter of December, 1911, from Letterman to respond-
ent.    The admission of this evidence was error, and since it
was wholly at variance with the issues between the parties,
and tended to contradict and vary the terms of the written
lease, the admission was manifestly prejudicial to appellants;
and, since the verdict covers all the respondent's causes of
action and appellants' counterclaims in one general award,
there must be a new trial.

All other questions presented on appeal arise principally
from matters of fact between the parties, and, with this de-
termination of the appeal, require no further present dis-
cussion.

Reversed and remanded for new trial.

MORRIS, C. J., MOUNT, PARKER, and CHADWICK, JJ., con-
cur.