[No. 15408.   Department Two.   December 2, 1919.]

WESTERN FARQUHAR MACHINERY COMPANY, *Respondent*,
v. C. R. PIERCE, *Appellant*.[1]

EVIDENCE (149, 168)—PAROL TO VARY WRITING—WARRANTY IN SALE
OF CHATTELS—COMPLETENESS OF WRITING.  Upon the sale of a second-
hand engine, under a written warranty expressly limited to a' guar-
antee that it was in good working order and as described in the
contract, a further warranty could not be proved by oral evidence,
in the absence of fraud.

PLEADING (118)—ANSWER—AMENDMENT.  It is not error to re-
fuse to allow an answer to be amended at the trial, where it is not
plain in what respect the answer would have been amended to state a
valid defense.

REPLEVIN (22)—PLEADING—VENUE.  Where the sheriff's return
shows that property replevied was found in the county, error in
failing to lay the venue in the complaint is cured.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered February 10,
1919, upon the verdict of a jury rendered in favor of
the plaintiff, in an action of replevin.  Affirmed.

*Ben S. Sawyer,* for appellant.

*Frank C. Owings,* for respondent.

MOUNT, J.—This action was brought in replevin to
recover possession of an engine sold to defendant un-
der a conditional bill of sale.  At the time the complaint
was filed, an affidavit was also filed, describing the en-
gine and alleging that plaintiff was entitled to posses-
sion thereof by reason of the fact that defendant had
defaulted upon the conditional sale contract and had
refused to pay the balance due thereon amounting to
$250; that demand had been made upon defendant for
the return of the property; and that defendant had
refused to either pay the purchase price or to return

[1] Reported in 185 Pac. 570.

the property. With this affidavit was also filed a bond in replevin, as required by statute.

Upon serving this affidavit and bond, the sheriff took possession of the property in Thurston county, and thereupon defendant gave a redelivery bond and retained possession of the property. Afterwards defendant filed an answer, not denying any of the allegations of the complaint, but setting up several defenses, to the effect: First, that plaintiff sold to defendant a certain engine and equipment thereto, warranting it to be in good condition and to generate a horse power on the draw bar of thirty and on the belt of sixty, and that it would be amply able to furnish power for defendant's sawmill; that, with said representations and warranty, defendant purchased the engine and equipment; that the agreed price was $700; and that defendant had, prior to the commencement of this suit, paid $450 on the purchase price. Second, that, shortly after defendant received the engine and equipment, he ascertained for the first time that the engine was in poor condition and the equipment defective, that it would generate only twenty-five horse power at the belt, and would not generate sufficient power to run his mill as represented by plaintiff, and that a demand was made upon plaintiff to comply with his contract and plaintiff refused so to do. Third, that plaintiff guaranteed the engine and equipment to weigh about 25,000 pounds and the freight to be $225; that, in fact, the engine, etc., weighed much more, and the additional charge was in the neighborhood of $100, which defendant was required to pay, and which, on demand, plaintiff refused to repay defendant. Fourth, that, by reason of the failure of the engine to be as warranted, defendant was hindered and damaged in the operation of his mill in the sum of $2,000, and in the installation and removal of the engine, in the further sum of $300.

Fifth, that defendant was placed to the expense of making repairs on the engine in the sum of $100, because of the poor condition. Sixth, that to replace the engine with an engine which would meet the warranties and representations made by plaintiff to defendant as to the engine in controversy would cost $2,000. Defendant prayed for a judgment against plaintiff in the sum of $4,500. Plaintiff, for reply, denied all the allegations of the affirmative answer. On these issues the case came on for trial to the court and a jury. After the jury was impaneled, it was conceded by defendant that there was no denial of the allegations of the complaint and that the burden was upon defendant to prove the allegations of his answer. Plaintiff objected to the introduction of any evidence under the answer. This objection was sustained, and a judgment was entered in favor of plaintiff as prayed for in the complaint. Defendant has appealed from that judgment.

Upon this appeal he alleges that the court erred in sustaining respondent's objection to the introduction of any evidence under the answer. The written contract set out in the complaint is admitted to be the contract between the parties. The only warranty contained in this contract is as follows:

"Guarantee: This being a secondhand engine and made by a factory not controlled by this company, it is fully understood that no guarantee accompanies this order except that the engine is as above described and represented. This clause cancels the guarantee clause below in this contract."

The paragraph above referred to as "above described and represented," is as follows:

"Russell Steam Tractor No. 14340. General Utility Type, weight about 30,000 lbs, catalogue rating 30-60-H. P. Same with regular equipment of drums and

water tank and 12″ expansion Rims, same being a secondhand engine in fair condition and good working order. Size of fly wheels, etc., etc., are standard as described in the Russell catalogue. . . .".

The contract also provides as follows:

"The Western Farquhar Machinery Co. will not be responsible for any statements made by agents or salesmen, written or verbal, unless same is plainly stated in this order and approved by their officer accepting order."

It is apparent from the contract that there was no guarantee of the engine, except that it was in fair condition and in good working order. There is no allegation in the answer, and apparently no claim, that the engine was not in fair condition or good working order. It is true appellant alleged in one paragraph that:

"Said engine was in poor condition, and equipment defective, that it would generate only 25 horse power at the belt, and that it would not generate sufficient power to run his mill as represented by plaintiff."

This is the only allegation with reference to the poor condition of the engine, and this allegation is to the effect that it was poor because it would generate only twenty-five horse power at the belt, and that it would not generate sufficient power to run appellant's mill as represented by respondent. There was no such representation in the written contract. There was no allegation of fraud or overreaching. Before appellant could recover upon a guarantee, such guarantee must be contained in the written contract, and, in the absence of fraud or overreaching, could not be proved by oral testimony. *Buffalo Pitts Co. v. Shriner,* 41 Wash. 146, 82 Pac. 1016; *Pacific Aviation Co. v. Philbrick,* 67 Wash. 414, 121 Pac. 864; *Winton Motor Carriage Co. v. Blomberg,* 84 Wash. 451, 147 Pac. 21; *Farley v. Letterman,* 87 Wash. 641, 152 Pac. 515.

It is clear that appellant was not entitled to prove warranties not contained in the written contract.

It is next claimed that the court erred in refusing appellant's motion to amend his answer. It is true that, during the discussion between counsel and the court, a reference was made by counsel for appellant to the effect that he desired to redraft the answer; and it is argued here that the court erred in refusing to permit an amendment to the answer. It is not plain from the record in what respect the answer could have been amended. It is not pointed out here wherein the answer could have been amended so as to state a defense to the action. The answer pleaded that the engine was in poor condition, but the poor condition was that it would generate only twenty-five horse power at the belt and that it would not generate sufficient power to run appellant's mill. But there was no guarantee of that kind contained in the contract. The only guarantee was that the engine was in fair condition and good working order, and these facts do not appear to be disputed.

Appellant next argues that the court erred in directing a verdict and in entering judgment for respondent. This argument is based upon the fact that there was no allegation that the property was in Thurston county at the time the action was commenced. When the property was taken possession of by the sheriff under the writ of replevin, the sheriff made return that he found the property in Thurston county. This was sufficient under the rule in *Stiles v. James,* 2 Wash. Terr. 194, 2 Pac. 188; and *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308.

We find no error in the record, and the judgment is therefore affirmed.

Holcomb, C. J., Tolman, Bridges, and Fullerton, JJ., concur.