[No. 16106.  Department One.  November 22, 1920.]

## WESTERN FARQUHAR MACHINERY COMPANY, *Respondent,* v. C. R. PIERCE *et al., Appellants.*[1]

REPLEVIN (61-63)—ACTION ON RE-DELIVERY BOND—DEFENSES.  In an action upon a redelivery bond, given in a suit to replevin machinery, the defendant cannot set up a defense which he might have interposed in the replevin suit to the effect that the plaintiff was not the owner or in possession of the machinery, and did not own the note given for the purchase price.

PLEADING (101)—AMENDMENT—DISCRETION.  Where two answers have been served, it is within the discretion of the court to refuse to permit a second amended answer.

REPLEVIN (61-63)—ACTION ON BOND—DEFENSES.  Where interest was allowed as part of the judgment in replevin, the defendant in an action on the replevin bond cannot set up that no interest should be allowed.

Appeal from a judgment of the superior court for Thurston county, Fletcher, J., entered May 3, 1920, in favor of the plaintiff, upon motion for judgment on the pleadings, in an action on a redelivery bond, after a hearing before the court.  Affirmed.

*Ben S. Sawyer,* for appellant.
*Frank C. Owings,* for respondent.

BRIDGES, J.—First of all, the respondent here brought a replevin action against the appellant Pierce to recover the possession of certain machinery sold by it to him under a written conditional sales contract.  It gave the usual statutory bond and the sheriff took possession of the machinery.  Pierce gave a redelivery bond, with the American Bonding Company as surety, and by virtue thereof retook the machinery.  Upon the trial of that action, there was judgment for the respondent here, plaintiff in that action, against the de-

[1]Reported in 193 Pac. 708.

fendant, Pierce, in the sum of $700, and interest and costs, or for the return of the property. From that judgment, Pierce appealed to this court, where the judgment was affirmed. *Western Farquhar Machinery Co. v. Pierce,* 108 Wash. 621, 185 Pac. 570.

Thereafter the plaintiff in the original action, respondent here, brought its suit on the redelivery bond. The answer of the defendant, Pierce, was stricken from the files and he served and filed his first amended answer. The plaintiff moved for judgment against him upon the pleadings. Up to that point Pierce had appeared as his own attorney. Upon the motion for judgment coming on to be heard, he requested an adjournment in order that he might secure an attorney. This request was granted, and later the motion for judgment came on for hearing, at which time Pierce appeared in court by his attorney. This attorney then requested permission to file a second amended answer. The court refused such request and granted the respondent's motion and entered judgment in its favor and against Pierce. The latter has appealed from that judgment.

Apparently his first contention is that the court erred in granting the motion for judgment on the pleadings for the reason that the first amended answer was sufficient to put the plaintiff on certain proof. This answer is rambling and more than thirty type-written pages in length. A reading of it convinces us that it does not state any defenses to the action. It may possibly state defenses which would have been applicable to the original replevin suit, but that case had been finally disposed of, and what might have been a defense in that action would, as a matter of course, not be a defense in this action.

But it is claimed that the court erred in refusing to permit appellant to file a second amended answer.

Upon appellant's attorney requesting so to do, the court asked him what defense he desired to make, and he stated he wished to plead that the plaintiff was not the owner of the machinery at the time of the commencement and trial of the replevin action, and that, since that trial, defendant had learned that the plaintiff had disposed of the note given by the defendant in part payment for the machinery, and that the machinery sued for in the replevin action was not in the defendant's possession and never had been.

While such alleged defenses might have been material in the replevin suit, it is manifest they could have nothing to do with the suit on the bond. Beside this, two answers having been served and filed, it was entirely within the discretion of the trial court whether it would permit a third answer.

It appears also to be claimed that no interest should have been allowed as a part of the judgment in the replevin action. That question was foreclosed by the judgment in that action and cannot be made a defense to this action.

The whole of the first amended answer and the proposed second amended answer and the arguments of appellant here have reference to matters which might have been pleaded as defenses in the original suit, but they can have no reference whatsoever to this action.

We find no merit in any of the points raised. The judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, FULLERTON, and PARKER, JJ., concur.